## DRITTEL v. FRIEDMAN et al.

### No. 230.

Circuit Court of Appeals, Second Circuit.

March 29, 1946.

Morris Kirschstein, of New York City, for appellee,

I. Gainsburg, of New York City, for appellants.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. In so far as the appeal relates to the counterclaim, we may entertain it, since the counterclaim sought an injunction. Defendants' suggestion that we "search the record," and thus determine the validity of plaintiff's claim, is an oblique suggestion that we review the order denying defendants' motion for summary judgment. But such an order is not appealable.

■ 2. Except as to two items, noted below, the state court judgment was res judicata barring the counterclaim. For necessarily within the issues which could have been litigated in the state court action, under defendants' pleadings there, was their claim that their use of the name "Juliana" in their trade-name conferred on them the right to prevent plaintiff from using it as a label.

■ 3. After the entry of that judgment, defendants began to mark their goods "Juliana"; the counterclaim, to the extent that it rested upon that use, was not similarly barred. But obviously, too, to that extent it lacks merit because of plaintiff's prior use.

■■ 4. Also not barred by the state court judgment is the claim based on paragraph 25. The only asserted foundation for that claim is 15 U.S.C.A. § 102. But such a right can be asserted only by one who has obtained a registered trade-mark, and that defendants have not done. Since defendants have not appealed to the Commissioner of Patents, 15 U.S.C.A. § 89 is inapplicable.

Affirmed.