**George ROWE, Appellant,**

v.

**Willie SHEPHERD et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1955.

Ollie James Cockrell, Jackson, E. B. Rose, Beattyville, Kash C. Williams, Jackson, for appellant.

Grannis Bach, Jackson, for appellees.

MOREMEN, Judge.

This is the second appearance of suits to quiet title to a certain tract of land in Breathitt County.

In the first case, Shepherd v. Rowe, Ky., 243 S.W.2d 915, Shepherd sought specific performance of a contract he had entered into with Pearlie Rowe to convey this tract of land. George Rowe and other children of Pearlie Rowe intervened and claimed to be the rightful owners of the land by reason of descent from their father, Galen Rowe. It was claimed that Pearlie Rowe had record title to the tract only because of an altered deed and that the deed as originally written would have conveyed the property to their father. Shepherd denied alteration of the deed and, in addition, he affirmatively alleged that Pearlie Rowe had acquired title to the land by adverse possession. The intervenors prevailed and judgment was entered in which it was adjudged that the deed had been, in fact, altered and that the intervenors were owners by inheritance from their father. On appeal this judgment was reversed. It was held that the intervenors failed to prove alteration of the deed; a claim of adverse possession was sustained; and it was concluded that since the title was in her, Shepherd was entitled to specific performance of the contract.

After mandate had been filed in the circuit court, George Rowe tendered an amended petition in which he set up title to the minerals under a deed which Pearlie Rowe had executed to him. The court refused permission to file this amended intervening petition; judgment was entered, and no appeal was taken from it. Thereafter appellant filed this independent action against appellee, Willie Shepherd and his lessee, Pond Creek Pocohontas Co. It was defended on the ground that the judgment in the former action was an adjudication of the title of the property and the matter was now res adjudicata. We believe the trial court was correct both in refusing to permit George Rowe, in the original suit, to set up, after mandate was entered, his claim under deed from Pearlie Rowe, and was also correct in entering judgment for appellees in the instant case.

At the time the original suit arose appellant was faced with the duty, both under subsection (4) of section 113 of the Civil Code of Practice and the law generally, to make a choice as to the position he would assume in connection with the case and, since he was not a party to the case, he could have refrained from intervening. He had the facts upon which to base his decision as to whether the property had been conveyed to his mother or to his father. He made the decision and the election to intervene in the case and contended that the property had been deeded to his father. He and the other intervenors were successsful

in the trial court but, as we have pointed out, judgment was reversed in this court. After appellant made his election and presented to the court for acceptance evidence which he believed to support his position, he will not now be permitted to change his position and insist that the deed did not convey the land to his father, but conveyed it to his mother.

■ The rule of law to the effect that a party to litigation will not be permitted to assume inconsistent or contradictory positions with respect to the same matter in the same or a successive series of suits is well grounded upon familiar principles of estoppel. Freeman on Judgments, section 631. And in this state the rule has been extended even further. In Amburgey v. Adams, 196 Ky. 646, 245 S.W. 514, 515, where a person was not a party to prior litigation involving title to land, but was otherwise highly interested in it, in that he consulted with witnesses and counsel, in a measure controlled the course of the trial and paid part of the costs, it was held that he was estopped thereafter to take a position in conflict with his former position. The court said:

"It is the general rule that a real party in interest, though not one of record, will not be allowed, in a subsequent judicial proceeding, to take a position in conflict with the position taken by him in a former proceeding, where the latter position is to the prejudice of the adverse parties, and the parties and questions involved are the same. And another familiar rule is that one, though not a party, who defends or prosecutes an action by employing counsel, paying costs, and doing those things which are ordinarily done by a party to an action, will not be permitted again to litigate the questions that were or could have been determined in the former proceeding on the pretext that he was not a formal party to that proceeding. 10 R.C.L. p. 702; Loeb v. Struck, 19 Ky.Law Rep.

935, 42 S.W. 401; Schmidt v. Louisville, C. & L. Ry. Co., 99 Ky. 143, 35 S.W. 135, 36 S.W. 168, 18 Ky.Law Rep. 65; Heavrin v. Lack Malleable Iron Co., 153 Ky. 329, 155 S.W. 729."

The discussion in cases, involving the question we have here, often includes use of the expression, "election of remedies," the strict meaning of which concerns a somewhat different problem. It often seems that the duty to select a remedy is not so much involved as is the duty of a party under a given state of facts to assume and maintain a positive attitude towards it. This general rule was recognized in Riley v. Cumberland & M. R. Co., 234 Ky. 707, 29 S.W.2d 3, 4, where the court, in quoting from another case, said: " 'The basal idea of that law being that a man shall not be permitted to insist at different times upon the truth of each of two inconsistent claims or positions, according to the promptings of his private interests,—as to affirm and to disaffirm a contract, and the like.' "

■ Appellant contends that because of the force of subsection (4) of section 113 of the then Civil Code of Practice, they would not have been permitted in the intervening petition to take the position (a) that the original deed had been altered and his mother's name inserted therein, and (b) that he owned the minerals under the conveyance from his mother because intervenors would have been required to elect which of the inconsistent positions they intended to maintain. But the purpose of the code was to require an election and to avoid later inconsistencies. It is no excuse to say that this was the only means by which the mandate of the code could be avoided and, therefore, it should be permitted. We are of opinion that it matters not whether the election of a cause of action be upon court order or by a party on his own volition. The assumption of one attitude in regard to a given state of facts denied to the elector the assumption of any other position.

Judgment affirmed.