Floyd BELL, Appellant,

v.

Ernest Edward HARMON, Appellee.

Court of Appeals of Kentucky.

Dec. 9, 1955.

Smith & Blackburn, Somerset, for appellant.

Leonard S. Stephens, Whitley City, for appellee.

CLAY, Commissioner.

Plaintiff was a passenger in an automobile driven by defendant when it collided with another driven by one Johnson. Plaintiff sued both the defendant and Johnson, and the jury returned a verdict against the defendant, exonerating Johnson.

The sole question on this appeal by the defendant is whether or not plaintiff's testimony in this suit with respect to the cause of the accident constituted a judicial admission that the defendant was not negligent. This question was raised by defendant on a motion for summary judgment under CR 56 and on a motion for a directed verdict at the conclusion of the plaintiff's evidence. Both motions were denied.

The accident happened on a straight stretch of the highway in broad daylight. The defendant's automobile and that of Johnson were proceeding in opposite directions. The collision was caused by the

814

swerving of one of the automobiles to the wrong side of the road.

In a pre-trial deposition the testimony of the plaintiff established that the sole cause of the accident was the negligence of the operator of the other automobile, and that the defendant was not negligent. On the basis of this testimony, which constituted a judicial admission (hereinafter to be discussed), we are of the opinion the trial court would have been justified in granting the defendant a summary judgment. This presents the question as to whether or not this Court should review the action of the trial court in denying the motion therefor.

■■ The Federal courts seem to assume that an order denying a motion for summary judgment is not reviewable because not appealable. See 6 Moore's Federal Practice, 2d Ed., Section 2362; Drittel v. Friedman, 2 Cir., 154 F.2d 653; Dutton v. City Service Defense Corp., 8 Cir., 197 F.2d 458. Clearly such an order, being interlocutory, is not *appealable*. See Clay, CR 56.03, Comment 7. However, though not independently appealable, certain interlocutory orders are *reviewable* in conjunction with a final judgment; e. g., an order overruling a motion for a directed verdict; an order granting a new trial. Thus the determination that an order denying summary judgment is not appealable does not necessarily resolve the question of whether such an order may be reviewed when properly presented.

■■ However, we think sound reasoning supports the conclusion that an order *denying* summary judgment should not be reviewed on appeal. (In passing it may be noted that an order *granting* such judgment is a final order and is of course forthwith appealable.)

■ Summary judgment procedure is not a substitute for a trial. It is a time saving device, and the motion should only be sustained if the court is fully satisfied that there is an absence of genuine and material factual issues, and all doubts are to be resolved in favor of the party opposing the motion. See Hoskins' Administrator v.

Kentucky Ridge Coal Company, Ky., 277 S. W.2d 57; Kimble v. Anderson-Tully Company, D.C.Ark., 16 F.R.D. 502.

The Federal appellate courts have recognized the limited scope of summary judgment procedure, and have consistently cautioned trial courts against granting motions for summary judgment if any doubt exists as to the right of a party to a trial. To hold that there may be a review of the trial court's determination that a party is entitled to a trial would be inconsistent with this admonition to proceed cautiously when granting a summary judgment. It would put the appellate court in the position of trying the question of doubt in the mind of the trial judge. We do not think this would be proper review.

Our refusal to review an order denying a summary judgment can in no sense prejudice the substantive rights of the party making the motion since he still has the right to establish the merits of his motion upon the trial of the cause. If the contrary were held, one who had sustained his position after a fair hearing of the whole case might nevertheless lose, because he had failed to prove his case fully on an interlocutory motion.

We therefore decline to consider the possible error in the denial of defendant's motion for summary judgment. Consistent with CR 61.01, such error, if any existed in the ruling on this motion, was not prejudicial and does not constitute a ground for reversal of the judgment.

The same question presented on defendant's motion for summary judgment was again raised at the trial by a motion for a directed verdict at the conclusion of plaintiff's testimony and renewed when the plaintiff had closed his case. The ground of this motion was that plaintiff's own testimony constituted a judicial admission that defendant was not negligent.

Plaintiff testified as follows: He was riding in the front seat of defendant's automobile which was being driven at 30 or 35 miles an hour "to the right of the center line" of the road. The accident oc-

curred on defendant's right side of the road. Plaintiff observed the oncoming car driven by Johnson when he was about 100 feet away and at that time the Johnson car was on its proper side of the road. Plaintiff stated:

"—when he got near us he made a cut like this to our right * * * and his car hit us in the face."

The Johnson car did not cut across the road into defendant's driving lane until he was "some 20 feet in front of us". Plaintiff stated that defendant "never got over on the Johnson side of the road at any time before this collision occurred".

The sum and substance of plaintiff's testimony is that while defendant was operating his automobile in a careful manner at a reasonable speed on his right side of the road, the Johnson car suddenly without warning cut over into defendant's driving lane and caused the collision. Plaintiff was in a position to observe, and did observe exactly how this accident happened. His testimony establishes unequivocally that the sole cause of this accident was the negligence of Johnson, and defendant was in no respect negligent.

■ It is well recognized that the testimony of a party may constitute a judicial admission, and as such is binding and conclusive upon him. 20 Am.Jur., Evidence, Section 1181; 31 C.J.S., Evidence, § 381; Wigmore on Evidence, 3d Ed., Vol. 9, Section 2594A. The rule should be applied with caution because of the variable nature of testimony and because of the ever-present possibility of honest mistake. A judicial admission of this kind should in essence contain the elements of waiver. See Alamo v. Del Rosario, 69 App.D.C. 47, 98 F.2d 328. It is in some respects similar to an election of causes of action. See Rowe v. Shepherd, Ky., 283 S.W.2d 188.

In 31 C.J.S., Evidence, § 381(d) we find the following positive statement:

"Admissions made in the testimony of a party while a witness in the case are binding and conclusive if deliberate and unequivocal and unexplained or uncontradicted."

And further in the same section:

"* * * the admissions of a party in his testimony are as a general rule binding on him and preclude him from avoiding the consequences of his testimony by the introduction of, or reliance on, other evidence in the case unless the circumstances and conditions give rise to the probability of error in the party's own testimony or unless the effect thereof is avoided by some explanation."

■ In Kentucky we have recognized that even though contradicted, testimony of the plaintiff may constitute a judicial admission in an automobile accident case. Sutherland v. Davis, 286 Ky. 743, 151 S.W. 2d 1021. There it was held that when the plaintiff testified she knew the driver with whom she was riding was intoxicated, she was concluded by her own testimony and thereby admitted contributory negligence, even though there was conflicting testimony with respect to the driver's condition. The opinion was based in part upon the fact that the plaintiff's state of mind was peculiarly within her knowledge, but matters other than state of mind may likewise be peculiarly within the knowledge of a party.

A case on all fours with the present one is Mollman v. St. Louis Public Service Co., Mo.App.1946, 192 S.W.2d 618. There the plaintiff was a passenger in a taxicab that collided with a streetcar. She testified in substance the taxicab had been operated in a proper manner and the accident was caused by the negligence of the operator of the streetcar. The Missouri court, in holding a directed verdict should have been given for the defendant taxicab company, made the following observations, at pages 621, 622:

"But if he testifies positively and understandingly to the basic facts and circumstances in the case, and in the event his testimony would defeat his recovery, he makes no subsequent cor-

rection or modification under the claim of confusion or mistake, he may not have the benefit of the testimony of other witnesses which is contradictory of his own testimony with respect to the same matters. In other words, he cannot make out a better case for himself than he himself has testified to where his case involves facts within his own knowledge, for if this were to be allowed, it would be tantamount to permitting him to say for his own advantage that his own testimony should be regarded as false, and that of some other witness as true.

\* \* \* \* \* \*

"While it is true that plaintiff's own testimony did not purport to reveal each and every relative fact or situation involved in the occurrence of the accident (such, for instance, as the speed of the street car or its precise location at the time the taxicab was brought to a stop at the traffic light), it did disclose a state of facts which, if true, completely exonerated the driver of the taxicab of any imputation of negligence, and cast the sole responsibility for the accident upon the motorman of the street car. This is not a case where plaintiff's testimony consisted of no more than her own personal estimate or opinion respecting such variable things as time, speed, or distance. On the contrary, it was a narrative of the basic facts and circumstances in the case within her own special knowledge as an occupant of the taxicab, and was given definitely and positively without any suggestion of the possibility of mistake as regards the relative courses and situations of the two vehicles which figured in the collision."

The rule in Missouri has been criticized. 169 A.L.R. 815. See also Alamo v. Del Rosario, above cited, 98 F.2d 328. However, it has been followed in other jurisdictions such as Nebraska, New Hampshire, Texas and Virginia. See A.L.R. note just cited and cases cited in Wigmore on Evidence, 3d Ed., Vol. 9, Section 3594A (1953 Supp.).

The Nebraska Supreme Court has taken the view that it would constitute a mockery of justice if a court should permit a party to change his unequivocal testimony (or to rely on contradictory testimony of other witnesses) to make a case for himself which he has admitted did not exist. Gohlinghorst v. Ruess, 146 Neb. 470, 20 N.W. 2d 381.

Whatever rules exist in other jurisdictions, we have recognized that under certain circumstances the testimony of a party may constitute a judicial admission. As stated in Sutherland v. Davis, above cited, 286 Ky. 743, 151 S.W.2d 1021, at page 1024:

"We believe the law to be that admissions fatal to his cause given in the testimony of a party to an action on the trial of the case should be viewed in the light of all the conditions and circumstances proven in the case; and unless all such circumstances and conditions give rise to the probability of error in the party's own testimony, he should not be permitted to avert the consequences of his testimony by the introduction of, or reliance on, other evidence in the case."

This rule was restated in Halbert v. Lange, 313 Ky. 648, 233 S.W.2d 278. There the testimony of the plaintiff given in a deposition was held not to be binding because at the trial his version of the accident was modified.

Let us now turn to the testimony of the plaintiff given at the trial. He occupied a choice position to observe this accident. Deliberately and unequivocally he stated facts showing clearly that the collision occurred without fault on the part of defendant. He narrated with certainty the basic circumstances upon which his right of recovery was dependent. While he was stating the results of his own observations, he was in a favorable position to observe accurately what occurred.

In our opinion plaintiff's testimony constituted a judicial admission that he had no rightful claim for damages against the defendant. Our courts should not be imposed upon to enforce a claim (which someone else may be required to pay) when the plaintiff in open court deliberately repudiates his cause of action. While, as we have said, it is only in exceptional cases that a verdict should be directed on the ground of judicial admission in negligence cases, we believe this is one wherein the rule should be applied. A verdict should have been directed for the defendant at the conclusion of plaintiff's testimony.

The judgment is reversed with directions to enter a judgment for the defendant.

## CAMMACK, Judge (dissenting).

With due respect for the opinion of the majority of this Court, I feel constrained to dissent from the views expressed therein concerning judicial admissions.

It is not disputed that the record contains sufficient evidence of the defendant's (appellant's) negligence to support the judgment against him. The only question is whether or not the plaintiff's (appellee's) testimony constituted a "judicial admission" so as to bind him and prevent his recovery despite the other evidence of the defendant's negligence. If his testimony is not a "judicial admission," the issue of negligence was properly submitted to the jury.

A judicial admission is "an express waiver, made in court or preparatory to trial, by the party or his attorney, conceding for the purposes of the trial the truth of some alleged fact * * * so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it." Wigmore on Evidence, 3d Ed., Vol. IX, section 2588. This traditional definition has been extended in some jurisdictions so as to include, in certain instances, statements made by a party during his testimony on a trial. Wigmore criticizes the extension, saying: "The truth of the case depends on a comparison of what all the witnesses say and all the circumstances indicate. A rule which binds a party to a particular statement uttered on the stand becomes an artificial rule." Wigmore on Evidence, 3d Ed., Vol. IX, section 2594a.

In Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021, 1025, this Court adopted the extension of the rule. The majority opinion treats that case as authority for the principle that a party's contradicted testimony may constitute a judicial admission. With this conclusion I am unable to agree. The question involved in that case was the plaintiff's contributory negligence in riding in an automobile with the defendant while the latter was intoxicated. There was conflicting evidence concerning the defendant's intoxication, but the plaintiff testified that she realized he was drunk. In the course of the opinion we said:

> "She was not simply giving her impressions of an event as a participant or observer but she was testifying to facts peculiarly within her knowledge, i. e., *realization* of the fact that appellee was drunk at the time of the accident * * *." (My emphasis.)

Since the question was one of contributory negligence, it was the plaintiff's *state of mind* at the time of the accident which was controlling. Her state of mind was a fact "peculiarly within her knowledge" and we held that her testimony on the matter therefore constituted a judicial admission and should be deemed conclusive. The testimony which was contradicted did not concern the plaintiff's state of mind, but only the intoxication of the defendant.

Our later case of Halbert v. Lange, 313 Ky. 648, 233 S.W.2d 278, 280, also relied upon in the majority opinion, likewise restricted the extension of the "judicial admission" doctrine, in cases involving a party's testimony, to cases where the party testifies to facts peculiarly within his own knowledge. Therein we said:

> "The true test seems to be whether the party's testimony is merely a narrative of events observed or participated in, wherein there is always present the obvious possibility that he, like any

other witness, could be mistaken, or whether he was testifying to facts peculiarly within his own knowledge. * * *"

In the case now under consideration, the plaintiff testified that the defendant was driving at a reasonable speed on his right side of the road. These were merely "events observed" by the plaintiff, not "facts peculiarly within his own knowledge." As such, under our previous cases, in my opinion his testimony does not constitute a "judicial admission."