**Kenneth RAMSEY, Appellant,**

**v.**

**Eloise RAMSEY, Appellee.**

Court of Appeals of Kentucky.

June 22, 1956.

**562**

J. Wood Vance, Jr., Glasgow, for appellant.

Richardson & Barrickman, Philip H. Wilson, Glasgow, for appellee.

MILLIKEN, Chief Justice.

A Barren County jury denied appellant, Kenneth Ramsey, recovery against appellee, Eloise Ramsey, his wife, for injuries sustained while riding as an alleged guest of his wife in a 1954 Roadmaster Buick registered in the wife's name. The car was driven by Charles Lewis, a high school boy, when it ran off the road with the alleged resultant injury to the husband.

■ The action is predicated on the theory that Lewis was the agent of the wife, and she testified that he was. It is argued that her admission of the agency is conclusive on the question, but we do not think so. We have held that in determining the conclusiveness of a judicial admission by a party to an action the court should view the admitted fact in the light of all the conditions and circumstances proven in the case. Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021. Under this rule, and considering the possibility of collusion in this type of case, we do not think her admission was conclusive on the question of agency. See comment in Brown v. Gosser, Ky., 262 S.W.2d 480, at page 484.

■ The fact that the wife held paper title to the automobile is not the controlling factor in this case. It is apparent that the husband made payments on the car and placed it in his wife's name because his driver's license had been revoked. He conceded that he could use the automobile any time he wanted to for either business or pleasure, and on this occasion Charles Lewis did the driving while the wife remained at her work in her husband's restaurant. There is no doubt but that the husband exercised sufficient control over the use of the automobile to make it his own so far as his transportation needs were concerned. On the occasion of his injury, he had been driven by Lewis to Bowling Green where he had looked after some of his business interests. They were returning home when the accident occurred. His concession that he could use the car whenever he wanted to was a declaration of fact highlighted by the further fact that he paid part, if not all, of the payments on the purchase price. Facts have a way of puncturing theories, and, in this instance, they also punctured the husband's case. The fact that nine members of the jury had the good sense to penetrate to the heart of the problem and find against the husband's claim does not obviate the further fact that the appellee was entitled to a directed verdict. In the light of that conclusion it is not necessary for us to discuss the many alleged errors urged upon us as a basis for reversal of the judgment.

The judgment is affirmed.