**A. J. McALLISTER, Plaintiff-Appellant,**

v.

**Raymond D. CATLETT, Defendant-Appellee.**

**No. 17213.**

United States Court of Appeals
Sixth Circuit.

March 24, 1967.

Joseph E. Stopher, Louisville, Ky., for appellant, Joseph J. Leary, Frankfort, Ky., A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., on the brief.

Henry V. B. Denzer, Louisville, Ky., for appellee, Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, Ky., on the brief.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a jury verdict for Defendant-Appellee Catlett in a diversity suit brought by Plaintiff-Appellant McAllister to recover for personal injuries incurred when Catlett fell from a pear tree and struck him. McAllister and Catlett were jointly engaged in picking pears. Immediately before the accident, Catlett was standing near the top of a ladder propped against the tree. Catlett's testimony suggested that McAllister was standing on the ground, but medical record histories introduced into evidence placed McAllister on one of the lower rungs of the ladder.

Appellant bases his appeal on two principal grounds: (1) the medical records indicating that McAllister had been standing on the ladder should not have been admitted into evidence, and (2) the trial court should have directed a verdict in his favor because the doctrine of res ipsa loquitur, as applied to the facts of the case, permits no conclusion other than that McAllister's injuries were caused by Catlett's negligence.

The trial court held, and we agree, that the medical records were admissible and that the recitals in the histories presented a jury question on the issue of contributory negligence.

The records in question fall clearly within the provisions of 28 U.S.C. § 1732, which provides for the admissibility of business records. Circumstances concerning the making of the records may affect the weight to be given to them, but not their admissibility. Appellant argues, however, that since appellee testified that appellant had been on the ground prior to the accident, he was foreclosed from introducing evidence tending to contradict this testimony.

In Bolam v. Louisville & Nashville R. Co., 295 F.2d 809 (6th Cir. 1961), we recognized that there are situations in which a party will not be allowed to contradict his own testimony which defeats his right to a verdict. We noted there that this rule applies in Kentucky, the state of the trial court in the instant case. See Bell v. Harmon, Ky., 284 S.W.2d 812 (1955). We also stated, however, that the testimony involved in Bolam

> "was not inadvertent, but was definite and unequivocal, stated several times on both direct and cross-examination, with no attempt made later to withdraw it, modify it, or explain it away." 295 F.2d at 812.

The Kentucky Court of Appeals held in Bell v. Harmon, supra:

> "The rule should be applied with caution because of the variable nature of testimony and because of the ever-present possibility of honest mistake. A judicial admission of this kind should in essence contain the elements of waiver." 284 S.W.2d at 815.

The record shows that the following colloquy took place when Catlett was being questioned by McAllister's attorney:

> "Q. Was there a time when both of you were on the ladder?
>
> "A. There was a time, yes.

> "Q. Tell that to the jury and the Court, will you, please?
>
> "A. A. J. picked pears around on the lower limbs and he asked me, said, 'Ray, you think it will hurt if I get on the ladder,' and I said, 'Why, I don't think it will hurt if you get on the ladder.'
>
> "Q. And did he?
>
> "A. He got on the ladder, yes.
>
> "Q. How long did he remain on the ladder?
>
> "A. Just a few minutes.
>
> "Q. Then did he get down off the ladder?
>
> "A. I suppose he did, yes."

When questioned by his own attorney shortly thereafter, the following ensued:

> "Q. Do you actually know where Mr. McAllister was at the time you fell?
>
> "A. Well, all I know is when I picked him up.
>
> "Q. All you know is you picked him up on the ground?
>
> "A. Near the base of the ladder; yes, sir.
>
> "Q. And you hit his shoulder, I think you said?
>
> "A. Hit him right behind the shoulders, like, is where I hit him.
>
> "Q. You didn't see him or know where he was before you fell?
>
> "A. No, sir."

The testimony of Catlett here was not of so unequivocal a nature that he should have been foreclosed from presenting evidence tending to show McAllister's contributory negligence.

The judgment of the district court is affirmed.