Charlie W. TEMPLE, Jr., Administrator
of the Estate of Charlie W. Temple,
III, Appellant,

v.

Eugene HELTON and Mark A.
Helton, Appellees.

No. 78–CA–139–MR.

Court of Appeals of Kentucky.

Sept. 22, 1978.

John E. Anderson, Barbourville, for appellant.

Herman E. Leick, Corbin, Robert L. Milby, London, for appellees.

Before WHITE, HOGGE and PARK, JJ.

WHITE, Judge.

This appeal involves an action for wrongful death in which a jury verdict was returned in favor of defendant-appellees. Two issues are presented on appeal: (1) whether plaintiffs were entitled to a directed verdict on the theory of res ipsa loquitur and (2) whether defendant's testimony that he was not under the influence of drugs or any intoxicant at the time of the accident had the effect of a judicial admission, barring any instruction on contributory negligence.

On the night of June 4, 1975, appellee Mark A. Helton, Gail Steenburgen, Carolyn Sears and Charlie W. Temple III were en route from Corbin, Kentucky to Knoxville, Tennessee to attend a rock concert when the car in which they were traveling was involved in a one-car accident. Appellee Mark A. Helton was the driver. Charlie Temple III sustained fatal injuries as a result of the accident. Ms. Steenburgen received a broken pelvis, ruptured bladder and concussion; Ms. Sears and appellee also received injuries necessitating hospitalization for a short period of time. This lawsuit was brought by Ms. Steenburgen and Charlie Temple, Jr., as administrator of the estate of Charlie Temple III, seeking dam-

ages as a result of appellee's alleged negligence. Ms. Steenburgen does not appeal the judgment.

The accident occurred around midnight on the stretch of highway detouring I-40 approximately 35 miles east of Knoxville. No other cars were involved in the accident and no testimony was offered by either side as to the cause of the accident, except for testimony by Ms. Sears and Ms. Steenburgen that all four occupants of the vehicle had smoked three marijuana cigarettes while en route to Knoxville. Appellee denied being under the influence of any drug or intoxicant at the time of the accident.

At the close of all evidence, appellant moved for a directed verdict on the issue of liability, which motion was overruled. Upon tender of instructions, appellant objected to Instruction B concerning the issue of contributory negligence. Appellant now asks this court to find that the instruction concerning contributory negligence was erroneous because no proof was offered that appellant's decedent knew that appellee's driving ability was affected by the use of marijuana. Furthermore, appellant contends the instruction was erroneous because Mark Helton's testimony that he was not under the influence of drugs amounted to a judicial admission that since he was not under the influence of drugs, appellant's decedent could not have been contributorily negligent in riding with appellee.

Upon a thorough examination of the record and points raised in both parties' briefs, we find the case pivots on Instruction A. Instruction A recites the duty of ordinary care imposed upon a driver of an automobile to insure the safety of his passengers. In addition to this duty, four specific duties incorporated in the general duty are enumerated. Following this, Instruction A states:

If you believe from the evidence that the defendant, Mark Helton, failed to observe any one or more of these duties and that such failure, if any, was a substantial factor to the collision and to the injuries and damages sustained by the plaintiffs, then the law is for the plaintiffs, and you will so find. However, unless you so believe, or if you believe as set forth in Instruction No. B [concerning contributory negligence], you will find for the defendants on the claim of Charlie W. Temple, III . . .

The verdict form allowed for the jury to find either for defendant or plaintiffs.

As Instruction A reads, it allows the jury to find appellee was not negligent, absent any consideration of contributory negligence. No objection was made to Instruction A. Since no special interrogatories were submitted to the jury, we cannot make a determination of whether the jury found for defendant because he was not negligent or because plaintiffs were contributorily negligent. In *Mason v. Stengell*, Ky., 441 S.W.2d 412, 417 (1969), the Court of Appeals held where there is prejudicial error affecting one of the grounds of action or defense presented, a general verdict must generally be set aside if it cannot be determined on which issue or defense the jury relied.

Appellant contends such error occurred when the court refused to consider appellee's testimony as a judicial admission. *Bell v. Harmon*, Ky., 284 S.W.2d 812, 817 (1955), cautions, ". . . it is only in exceptional cases that a verdict should be directed on the ground of judicial admission in negligence cases . . . ." *Sutherland v. Davis*, 286 Ky. 743, 151 S.W.2d 1021, 1024 (1941), the leading case on the point, explains the consequences of a judicial admission:

. . . [A] judicial admission is conclusive, in that it removes the proposition in question from the field of disputed issue, and may be defined to be a formal act done in the course of judicial proceedings which waives or dispenses with the necessity of producing evidence by the opponent and bars the party himself from disputing it; and, as a natural consequence, allows the judge to direct the jury to accept the admission as conclusive of the disputed fact.

In *Sutherland*, the court found plaintiff's testimony that defendant was drunk when

she accepted a ride from him as a judicial admission barring plaintiff from recovery on the grounds of her contributory negligence. The defendant had testified he was not intoxicated. Appellant cites *Sutherland* in support of his position; we feel this case in fact tends to support appellee's viewpoint. In this case, like *Sutherland*, the appellant-plaintiff offered proof inferring appellee-defendant was negligent due to his intoxication or use of marijuana, even though appellee testified he was not under the influence of any drug. Appellant wants us now to disregard the very evidence he offered to impute negligence to the driver and instead rely on the appellee's testimony to remove the cloud of contributory negligence appellant created. Appellant seeks this court's assistance in placing the appellee in an untenable position. First appellant introduces evidence inferring appellee was negligent in operation of the vehicle as a result of smoking marijuana. Since this very evidence would result in the possibility that appellant's decedent was contributorily negligent, appellant contends this evidence must be disregarded because appellee stated he did not smoke marijuana on this occasion. Because no cause of the accident was proved, other than possible negligence through appellee's use of marijuana, appellant argues the doctrine of res ipsa loquitur applies. Thus, appellant may recover under either theory. If appellee admits to use of the marijuana, he opens himself to the charge of negligence; if he denies its use, he relieves himself of the defense of contributory negligence. Appellee is thus responsible under either theory.

*Sutherland, supra,* lists five circumstances which should be considered in determining whether or not a party's statement rises to a judicial admission. One of these five is whether testimony sought to be declared an admission is contradicted by other witnesses. In this case appellant's witnesses contradicted the very testimony he sought to have declared an admission. We feel the trial court correctly perceived the issue as a question of fact and placed before the jury the resolution of same through an instruction on negligence.

Since no error is perceived in Instruction B and since no objection was made as to Instruction A, there is no basis for disturbing the jury verdict.

Once it is determined that the issue of contributory negligence was properly put before the jury, appellant's contention that he was entitled to a directed verdict on the issue of liability must necessarily fail.

The judgment is affirmed.

HOGGE, J., concurs.

PARK, J., concurs by separate opinion.

PARK, Judge, concurring.

I concur with the decision to affirm the judgment of the circuit court.

The circuit court did not err in failing to direct a verdict on the issue of Helton's negligence in the operation of the van in which Temple was a passenger. At trial, Temple's administrator made no objection to Instruction A relating to the duties of Helton in the operation of the van. Had an objection been made, he would have been obligated to state the grounds of his objection to Instruction A. CR 51(3). Temple's administrator relies upon the fact that he filed a motion for a directed verdict "on the question of liability." However, the motion for directed verdict was not accompanied by a statement of the "specific grounds therefore." CR 50.01. Failure to specify the grounds for a directed verdict forecloses appellate review of the circuit court's denial of the motion for directed verdict. *Hercules Powder Co. v. Hicks,* Ky., 453 S.W.2d 583 (1970).

The circuit court did not err in refusing to direct a verdict on the issue of Temple's contributory negligence.

For the reasons stated in the majority opinion, I agree that Helton's denial that he smoked marijuana was admissible as the admission of a party opponent, but that it was not a binding judicial admission that marijuana was not a factor in the accident. In *Bryant v. Corley,* Ky., 455 S.W.2d 566, 569–70 (1970), the court stated:

In other words, that a litigant has made inconsistent statements on a critical issue of fact does not always and inexorably destroy his case. It depends to some extent on what the fact in issue is and what the rest of the evidence indicates. In the final analysis, the question adds up to whether upon the whole case, including but not limited to his self-stultification, a verdict in his favor would be unconscionable. The same is true when the witness whose testimony is under consideration does not happen to be one of the litigating parties.

*See also* McCormick on Evidence § 267 (2d Ed. 1972). The trial judge in the exercise of discretion should be permitted to determine on the basis of all of the evidence whether the party's testimony should be deemed a judicial admission. As has been stated:

> The truth of the case depends on a comparison of what all the witnesses say and all the circumstances indicate. A rule which binds a party to a particular statement uttered on the stand becomes an artificial rule. It is out of place in dealing with testimony. Let the judge test each case by itself.

9 Wigmore on Evidence § 2594a, pg. 601 (3d Ed. 1940). Taking into consideration all of the evidence in the case, the trial judge did not err in refusing to treat Helton's testimony as a judicial admission.

One of the girl passengers in the van was also a plaintiff in the case. She testified that Helton smoked marijuana. Arguably, this was a judicial admission on the issue of her contributory negligence. The trial court wisely left the credibility of the parties to the jury.

The evidence in the case justified submitting the issue of Temple's contributory negligence to the jury. According to the testimony of the two girl passengers, Helton, Temple and the girls together smoked three marijuana cigarettes during the drive from London to Knoxville. There was expert testimony that marijuana could affect a person's judgment and ability to drive. Helton drove 35 miles beyond Knoxville before he decided that he had missed the exit for the rock concert in Knoxville. When returning to Knoxville over the same road, the van left the highway for no apparent reason. Based upon this evidence, a jury could reasonably believe that Helton's judgment and ability to operate the van was impaired by the smoking of marijuana, that the accident was the direct result of Helton's impaired judgment, that Temple was aware of Helton's condition, and that a reasonably prudent person would not have ridden with Helton under the circumstances.

Therefore, I agree with the decision to affirm the judgment of the circuit court.