Karl T. MOORE and Kentucky Farm Bureau Mutual Insurance, Appellants/Movants,

v.

Lisa ROBERTS, By and Through next friend, Judith ROBERTS and Earl Bailey, administrator of the Estate of Barbara Bailey, Appellees/Respondents.

Supreme Court of Kentucky.

Dec. 14, 1982.

As Modified on Denial of Rehearing Feb. 28, 1985.

J.D. Raine, Jr., Raine & Raine, Louisville, for appellants/movants.

Don F. Schmidt, Louisville, for appellee/respondent Lisa Roberts.

Henry S. Johnson, Handmaker, Weber, Meyer & Rose, Louisville, for appellees/respondents Earl Bailey, Administrator of the Estate of Barbara Bailey.

O'HARA, Justice.

On October 26, 1978, Karl Moore (appellant herein) spent the day doing odd jobs with a friend, Roger Underwood. Over a fourteen hour period, Moore drank between seven and fourteen beers. Late that night while driving Underwood's vehicle (Underwood was too intoxicated to drive and was a passenger), Moore offered a ride to Lisa Roberts, Barbara Bailey and Moreen Letteney. There was testimony that Underwood had a six pack of beer and Roberts a fifth

of bourbon in the car. At approximately 1:00 a.m. on October 27, 1978, the automobile operated by Moore left a Jefferson County road and struck a tree, killing Barbara Bailey and injuring Lisa Roberts.

This case is before this court on a grant of discretionary review. We are presented two arguments, one by each of the appellants. We shall discuss each of them separately.

## I.

Appellant Moore argues that the trial court and the Court of Appeals erred in holding that his testimony by deposition and otherwise constituted judicial admissions as to the issues of intoxication and excessive speed, and that it additionally erred by prohibiting testimony of other witnesses as to these issues.

The appellant made a statement at his deposition that he was not drunk at the time of the accident. At a pre-trial hearing, the court determined that his declarations in that deposition were judicial admissions and that he would not be permitted to testify otherwise at trial. In response to a subsequent trial motion by the appellees, impeachment testimony from other witnesses was also denied. The Court of Appeals held that the determination that Moore's deposition testimony amounted to irrebuttable judicial admissions was erroneous. The Court of Appeals further held, however, that when Moore freely adopted his pre-trial statements during the course of the trial, the statements then became judicial admissions. We disagree.

The Court of Appeals utilized the definition of a "judicial admission" as set out in Lawson's Kentucky Evidence Law Handbook, 1976, at 127 which states in full:

(1) A "judicial admission" is a formal act of a party committed in the course of a judicial proceeding either in pleading or in presenting testimony that serves as a substitute for the production of evidence by the opponent. It is conclusive against the party committing it and, therefore, may be the underlying basis for a summary judgment, directed verdict, or judgment notwithstanding the verdict.

(2) The testimony of a party shall not be construed to be a "judicial admission" unless it appears from all the conditions and circumstances of the case that there exists no probability of error in his testimony.

■ That standard was set out by this court in *Sutherland v. Davis*, 286 Ky. 743, 151 S.W.2d 1021 (1941) as to the broad definition of a judicial admission. However, we have included in this definition of a judicial admission any statements made under oath in a pre-trial deposition. *Bell v. Harmon*, Ky., 284 S.W.2d 812 (1955), *Fletcher v. Indianapolis and Southeastern Trailways, Inc.*, Ky., 386 S.W.2d 264 (1965). This is still the law in the Commonwealth, therefore appellant Moore's statements, made under oath in a pre-trial deposition could possibly constitute judicial admissions.

■ We now turn to that question: did the statements made by Moore in this case constitute conclusive judicial admissions? The appellant stated in his deposition that he was not drunk at the time of the accident in question. It would appear that this statement was self-serving at the time it was made. There is no indication or allegation in the record that Moore made this statement knowing it to be detrimental to his position in the pending lawsuit. In addition, his statements were merely his own opinion as to the state of his sobriety. In *Sutherland, supra*, we stated:

We believe the law to be that admissions fatal to his cause given in the testimony of a party to an action on the trial of the case should be viewed in the light of all the conditions and circumstances proven in the case; and unless all such circumstances and conditions give rise to the probability of error in the party's own testimony, he should not be permitted to avert the consequences of his testimony by the introduction of, or reliance on, other evidence in the case. *Sutherland, supra*, 151 S.W.2d at 1024.

Under the facts of the case at bar, there is no indication whatsoever that the "admissions" of the appellant Moore were in any way "fatal to his cause." It does not appear from all the conditions and circumstances of the case that there exists no probability of error in his testimony. We hold, therefore, that the statements made by the appellant were not "judicial admissions" such as to prevent him from explaining his statements or introducing other evidence to rebut the statements. It was error for the trial court to exclude rebuttal testimony on the issue of Moore's sobriety or lack thereof on the night in question. The case is hereby remanded to the Jefferson Circuit Court for retrial on this issue.

## II.

■ Appellant Kentucky Farm Bureau Mutual Insurance Company (Farm Bureau) argues that the Court of Appeals erred in upholding the award of additional attorney's fee to counsel for Lisa Roberts. We disagree.

KRS 304.39–220 allows a reasonable attorney's fee to be awarded if the denial or delay of benefits from the reparations obligor was without reasonable foundation. The trial court held that the delay of payments to Lisa Roberts by Farm Bureau was unreasonable, and a fee was assessed against Farm Bureau. This decision was affirmed on appeal in *Kentucky Farm Bureau Mutual Insurance Company v. Roberts,* Ky.App., 603 S.W.2d 498 (1980). Subsequently, the trial court imposed an additional attorney's fee to cover the representation on that appeal.

Appellant argues that its constitutional right to an appeal cannot be subjected to an assessment of damages on the first appeal as a matter of right contemplated by Section 115 of the Constitution of Kentucky. *See* KRS 264A.300(1).

KRS 304.39–220 provides for a penalty of reasonable attorneys fees "on a claim or in an action for basic or added reparation benefits ... if the denial or delay was without reasonable foundation." The only issue of that appeal was the reasonable-

ness of the delay. Until that issue is fully resolved either through the appellate process or through failure to perfect an appeal, the appellee has no basis upon which to enforce her judgment. Had the Court of Appeals determined that the delay was not unreasonable, then the appellee would not have been able to collect any additional attorney's fees.

The award of the additional fee is not, as suggested by Farm Bureau, a penalty imposed upon its right to appeal, but rather an item of monetary damages allowed by the legislature due to the continuing representation upon the issue of reasonableness. An appeal is always at one's own peril. Clearly KRS 304.39–220 envisages that the fee shall attach to the logical and legal conclusion of litigation.

Therefore, since a portion of this appeal relates to that same issue, the trial court may permit additional attorney's fees for this appeal proportionate with this issue as to the overall appeal.

## III.

Finally, we find it necessary to comment upon an issue not raised on appeal but of prime import in creating the first issue discussed on this appeal.

■ Both appellants (defendants) Moore and Farm Bureau were represented at trial by the same counsel. Although Moore initially testified that he was not drunk on the night of the accident, his own attorney attempted to impeach this testimony with the apparent intent of showing that the plaintiffs would have been contributorily negligent by getting into the vehicle if they knew or should have known that Moore was too drunk to drive. While this defense, if successful, might have relieved Farm Bureau of its liabilities under the insurance policy, we are not so sure that this defense was presented in the best interests of the appellant (defendant) Moore.

We would strongly advise all counsel in a case such as the one at bar to avoid the unavoidable conflict of interest inherent in such a situation by notifying the clients of

the potential conflict and by choosing the one client whom he or she will represent and advising the other clients to retain separate counsel.

This case is remanded to the Jefferson Circuit Court for retrial and disposition consistent with this opinion.

All concur.