**E.E. McGUIRE, Appellant,**

v.

**CITIZENS FIDELITY BANK & TRUST COMPANY, etc., et al., Appellees.**

**No. 90–SC–142–DG.**

Supreme Court of Kentucky.

March 14, 1991.

James H. Moore, III, J. Grant McGuire, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Ashland, Robert K. Emerson, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W.Va., Paul E. Sullivan, Debra Hays Euecker, Brown, Todd & Heyburn, Lexington, Thomas C. Walker, Brown, Todd & Heyburn, Louisville, for appellant.

James Brown, Culver V. Halliday, Michael F. Lawrence, Greenebaum, Boone, Treitz, Maggiolo & Brown, Louisville, Max D. Picklesimer, Martin, Picklesimer, Justice & Vincent, Ashland, Douglas L. McSwain, James C. Strode, Ogden, Sturgill & Welch, Lexington, for appellees.

REGINALD L. AYERS, Special Justice.

This is an appeal of a civil action to settle the estate of E.R. McGuire who died testate on August 14, 1981. His two sons, E.E. McGuire and L.R. McGuire, were appointed co-executors of the estate on August 28, 1981. The two sons together with their mother, Dell McGuire, and their sisters, Cleo McGuire and Helen Webb, are the beneficiaries of the estate. The estate consisted mainly of non-liquid assets including stock in closely held corporations and banks. In August, 1985, the gross value of the estate's assets was agreed upon by the co-executors and the Internal Revenue Service as $5,009,356.00.

On November 6, 1985, the co-executors on behalf of the estate executed a promissory note whereby they borrowed from Kentucky Farmers Bank the sum of $1,250,000. As security for the loan, the co-executors pledged 408, 406 shares of the Bank of Josephine stock owned by the estate. Additionally, the co-executors endorsed the note personally and E.E. McGuire pledged 309,946 and L.R. McGuire pledged 307,310 shares of the Bank of Josephine stock respectively owned by them individually. These total shares constituted a majority of some 2,000,000 outstanding and issued shares of Bank of Josephine. The record is silent as to the purpose of the loan.

On April 15, 1987, the Boyd District Court, wherein the probate matter was pending, on verified motion of L.R. McGuire that he was in a state of insolvency and had instituted bankruptcy proceeding, entered an order permitting him to withdraw as co-executor of the estate. Subsequently an action was filed in the Boyd Circuit Court by Dell McGuire and others against E.E. McGuire to have him removed as co-executor of the estate for wrongful actions alleged to have been committed by him. By order of that court entered October 19, 1987, E.E. McGuire was removed as the executor of the estate of E.R. McGuire, and he was ordered within 10 days to make a full accounting to the court of the assets and liabilities of the estate and any and all expenditures that had been made.

Pursuant to the order of the court and on October 28, 1987, E.E. McGuire rendered a six page narrative report which was filed with the Boyd Circuit Court and in the probate proceeding in the Boyd District Court. The pertinent part of that report and which is the subject of this appeal is quoted in part from page 3:

The Bank of Josephine stock is the Estate's major asset. It was agreed by E.E. McGuire and L.R. McGuire that they would sell their individual interests in Bank of Josephine together with the Estate's interest so that the Estate could realize a higher value for its stock ... I recommend that the Executor of the Estate reduce to writing the agreement between E.E. McGuire, L.R. McGuire and the Estate so that the Estate stock will either be sold as a block or that no party may sell their stock without obtaining a commitment from the buyer to purchase the other stock at the same price.

On June 30, 1988, Citizens Fidelity Bank and Trust Company (Citizens Fidelity) was appointed administrator de bonis non of the estate, and on that same day it filed an action in the Boyd Circuit Court to settle the estate pursuant to KRS 395.515. Prior to this date in June, 1988, E.E. McGuire purchased the estate's note to Kentucky Farmers Bank and acquired possession of the stock collateral securing the loan.

On October 14, 1988, Citizens Fidelity served a motion for hearing to determine the necessity for sale of assets of the estate, directing the manner of sale, and directing the disposition of the proceeds. Hearing was held on November 29, 1988, wherein Citizens Fidelity moved the court to order the shares of Josephine Bank owned by E.E. McGuire, L.R. McGuire and the estate be sold as a block. After hearing and briefing by the parties, the circuit court over the objection of E.E. McGuire, held that in order to protect the assets of the estate an order be entered requiring E.E. McGuire to put his stock up for sale along with the stock of the estate and any stock that he had which belonged to L.R.

McGuire. The order further provided that the sale be conducted in a reasonable commercial manner with sufficient notice to insure that the highest and best price be obtained and that before any sale of the shares was concluded, the terms of the sale be presented to the court for approval with notice to the parties concerned. L.R. McGuire filed a post hearing memorandum acknowledging the existence of an agreement for the sale of the shares as a block.

E.E. McGuire appealed the judgment which was affirmed by the Court of Appeals. This Court granted discretionary review, and we affirm the judgment of the Boyd Circuit Court for the reasons hereinafter stated.

■ The appellant contends that the statement made by him in his letter of accounting concerning the sale of the Bank of Josephine stock cannot constitute a judicial admission binding upon him and enforceable in the present action but is ambiguous and equivocal and at most constitutes an evidentiary or quasi-admission and that he is entitled to counter it with additional evidence.

A simple reading of the statement of the appellant as a whole can leave no doubt but that there was an agreement to sell the Bank of Josephine stock as between E.E. McGuire and L.R. McGuire as individuals and with respect to their personal ownership and as fiduciaries and personal representatives of the estate with respect to the estate's shares. The consideration for this agreement apparently is as stated that the estate will realize a higher value for the stock which in turn would realize a higher value for them with respect to their individual shares. Together they owned a controlling interest of the outstanding bank shares and it would seem to follow that sold as a block, they would more likely realize a premium price, and thus the sale would be mutually beneficial.

The statement of the appellant is unambiguous and unequivocal. It was made as a formal act by him in a judicial proceeding in the circuit court and filed in the probate proceeding in the district court. The parties in all of the proceedings are essentially the same, the only difference is that Citizens Fidelity is in the present action and now in the probate proceeding but only for the purpose of serving as the personal representative of the estate, the position formerly occupied by E.E. and L.R. McGuire. The statement is conclusive against him and held to be a judicial admission binding upon the appellant in this action that there is indeed an enforceable contract. *Center v. Stamper*, Ky., 318 S.W.2d 853 (1958). *Nolin Production Credit v. Canmer Deposit*, Ky.App., 726 S.W.2d 693, 701 (1986).

■ The appellant contends that the circuit court exceeded its authority under KRS 395.515 in ordering the sale of his stock. Where, and as we have held here, there is a binding and enforceable contract between a party and the personal representatives for the estate, and where the parties to that contract are before the court, it has in its sound judicial discretion the equity power to enforce that contract for the purpose of settling the estate. *Roberts v. Babb*, 282 Ky. 151, 137 S.W.2d 1112 (1940). It will be noted that the trial court made adequate provision in its order for the safeguard of the sale of the stock as to price and protection of the parties.

Finally, the appellant contends that he was not afforded due process because of inadequate notice and opportunity to be heard in the matter of the sale of his stock. Appellant had forty-six days notice of the hearing to determine the necessity for sale of estate assets and to direct the manner of sale. He certainly should not have been surprised that his prior agreement for the sale of the bank stock would be the subject of the hearing. The circuit court gave the parties opportunity to file memoranda and which the appellant did. There was no necessity for an evidentiary hearing since appellant's admission of an agreement was clear and unequivocal and conclusive against him. *Sutherland v. Davis*, 286 Ky. 743, 151 S.W.2d 1021 (1941). The oral agreement of the parties need not be reduced to writing to be enforceable. *Dohrman v. Sullivan, et al.*, 310 Ky. 463, 220 S.W.2d 973 (1949).

Judgment affirmed.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON, SPAIN and WINTERSHEIMER, JJ., sitting.

All concur.