Chief Justice Boyle
delivered the Opinion of the Court.
This case was formerly before this court, when the judgment which had been rendered for the plaintiff in the circuit court was reversed, and the cause remanded, for new proceedings to be had, not inconsistent with the opinion then given by this court. By adverting to the report of the case in 4th Lit-tell 286, the nature of the case and the state of the pleadings will be seen, and need not be again here detailed.
It is sufficient to observe that the action was a replevin for taking a horse beast, and the main question involved in the issues to which the matters of law now in controversy relate, is whether there was rent in arrear, due from the 'Fennells, one of whom was the plaintiff in the action, to Roberts the dev fendant, for which lie had a right to distrain.
On the trial when the case was remanded, Roberts, after reading in evidence the distress warrant, proved by two witnesses, that about the 19th of January 1830, the Tennells and Roberts came to *248 the witnesses and brought with them two bonds which Roberts held for a tract of land, with assignments thereon from him to the Tennells, bearing date the 19th of January 1820, and a note bearing the same date, executed by the Tennells to Roberts, for $100 payable the 4th of September 1821, and, that the Tennells and Roberts agreed that the latter should keep the. note for $100, and the two bonds should be placed in the bands of one óf the witnesses, to be kept by him until the note became due, when the bonds should be delivered to which ever of the parties produced the note to the witness, and if Roberts produced the note he was to have the land*bonds, and the land to be his, and the Tennells were to pay twenty-five dollars a yéar as rent, for the land. The witnesses further stated, that when the $100 note became due it was not paid, and Roberts having produced it to the witness, the land bonds were delivered to him, and that at the time the agreement Was made, Roberts was in possession of the land, and delivered the possession thereof to the Tennells, who occupied it for two years.
i'c»nel,s evidence.
Evidence offeroii by Roberts and rejected.
Instructions given on motion of TenSiell, &c.
The plaintiff Tennell then read in evidence an answer of Roberts in a suit.in chancery between the same parties, to the reading of which Roberts objected, but his objection was overruled. Tennel then read in evidence a note, purporting to be executed by the Tennells to Roberts, bearing the same date, and payable at the same time as the note for $100, with an assignment thereon from Roberts to E. Barnes, to the reading of which Roberts objected but bis objection was overruled.
Roberts then offered to read in evidence another answer filed by him in the same suit in chancery, in response to an amended bill, to the reading of which Tennell objected, and the court sustained the objection.
This was the whole of the evidence, and on this state of the case, the circuit court, at the instance of the plaintiff Tennell, instructed the jury, that if they found from the evidence? that the contract for the payment of rent was by parol, and was not to he performed within a year from the making thereof, it v as void, and that they must find for the plaintiff, against Roberts,
Answer in chancery is e°Sencoagainst”the party, as his gt^!inonts011
Where the answer mea* pfrty all its statements are made eví-, foi
And once, a“ amended p^nator/of the general terms of tIia mMieF fcf/* him.—
—But a sub», sweTto an amended bill cannot in suo^ca?® for thepariv.
To these several decisions Of the circuit court, the defendant Roberts excepted, and a verdict awl judgment having been rendered against him, he has brought the case to this court by writ of error.
There cuts, in out* opinion, be no reasonable doubt, that the circuit court was correct in admitting the answer of Roberts to be read as evidence against him. A man’s own confession is always admissible against him, and much more ought it to be so where it is made in a solemn proceeding in a court of justice, under the sanction of an oath.
There is more room to doubt the propriety of rejecting the second answer offered by Roberts to be read as evidence; but we are inclined to think that this was hot erroneous.
It is true, that wherever the declaration of a party is used as evidence against him, the whole of it must be taken together, as well that which operates in bis favor as that which makes against him, and hence it is an established rule that if an answer of a party is used against him he has a right to insist «i pon the whole of it being read; but regularly it is only the whole statement which he makes at the same time, which he has a right to insist upon being read in his favor when a part of it is used against him, and, therefore, if the statement made at one time is used against a party, it does not make a statement made by him at a different time evidence in his favor.
It is asserted, indeed, to have been 'decided in one? case that whore one answer had" been put in by the defendant and, on exceptions being taken to it, he put in a second answer, he was allowed on an information for perjury, to read the second answer in explanation of the general terms of the first. Peak Evil. 66.
This case is, however, very questionable upon principle, and we may remark, that it differs from the present, in as much as the second answer in that case was in response to the same bill, and was only read as evidence in explanation of the general terms of the first; whereas, in this case, the answer offer-ea m evidence by Roberts was in response, not to the same bill, to which the first answer had been a *250 response, but to an amended bill and it was not offered ,as evidence in explanation of the'genexal terms of the first answer merely, but as evidence in geueral.
Where a writing is introduced collftterrally on a trial, it njust be proved by tlie subscribing witness, or bis absence accounted for, tho’itir execution be admitted by the party against Whom it is offered in an answer read in evidence.-
Query — As to the character of the contract,whether a lease tor two years subject to he converted into a sale ot an immediate sale subject to be reduced to such a lease—
*250 With respect to the propriety of the admission of the note for fifty dollars objected to by Roberts, we cannot concur with the circuit court. The execution of the note was admitted by the defendant in the answer which had been read as evidence, but there was a subscribing witness to the note, and he was not produced, nor was there any attempt to shew that his attendance could not be procured, and in such a case it has been held that the confession of the party, even in an answer in,chancery, is not sufficient to dispense with the subscribing witness.
Where a writing is the foundation of an action, and it is not put in issue by the pleadings, it will not be necessary to prove its execution by the subscribing witness, nor indeed by any other evidence, but where it is, as in this case, introduced collaterally’, the subscribing witness is necessary to prove its execution before it can be read, because he may be able to prove the purpose for which it was given, and the consideration on which it was founded, as well as other circumstances attending the transaction, and proof of these axe often as material to the attainment of justice as proof of the execution of the writing. In such cases, therefore, proof by the subscribing Witness is considered as better evidence, than even the confession of the party and is always required if to be had. It results, consequently, that the circuit court erred in admitting the note to he read in evidence.
The only other question which we deem material to be noticed, reíales to the merits of the case, and grows out, of the instructions given by the circuit court to the jury.
It may, perhaps, be doubtful whether the transaction detailed by the witnesses ought to be considered as an immediate lease of the land for two years, subject to be converted into ah absolute purchase, on the payment by the Tenneiis of the note for a hundred dollars when it became duej or an immediate sale oí the land, liable to become a lease for two *251 years in case of their failure to pay the note for a hundred dollars.
—In either case the transaction is within both the clauses of tho statute as to leases for more than a year, and contracts not to be performed in that time.
But such a contract is not declared «oíd — It is only declared that, no action shall be maintained on it, from which very different effects follow.
In some case.3 ofexecutory contracts the effects are the
Cases whore ]i.ls
It is, however, not material in which light it is considered; for in either case it most obviously comes within the statute against frauds and perjuries, as (here was na memorandum in writing of the lease, or the payment of the rent. Nor is it material whether we consider the transaction as coming within the provision of the statute in relation to a lease for more than a year, or within that provision which relates to agreements not to be performed within a year. In either case the effect of the statute upon the contract must be the same.
But we cannot admit, as the circuit court decided in its instruction to the jury, that the effect of the statute is to make the contract void. The statute does not declare verbal promises and contracts coming within its purview void. It only provides that no action shall be brought upon such promises and contracts, and the legal consequences of a statutory provision declaring a promise or contract void, and one which only declares that no action shall be brought upon such promise or contract, may be essentially different.
In many cases coming within the purview of the statute against frauds and perjuries, the legal effect will indeed be the same as if it had declared the promise or contract void. This will be the case in all instances where the promise or contract remains executory on both sides, and an action is brought to enforce the contract, and in such a case, although it Ss not strictly correct, that the contract is void; yet as the same legal consequences would result from it, as if it were void, it would not be erroneous for the court to decide it to bo'so.
But on the other hand, there are many cases in which the legal consequences of considering the pro* xnise or contract void, and of considering it only-such that an action will not lie on it, would be widely different. This would be the case in all instances where the promise or contract is exectned in whole or in part, and an action is brought not upon the express promise or contract, but on such as may be implied by law, or where the promise or contract is tised only by way of defence,
By the former statute against usury the contract was void, and money Joan-ed at excessive interest could not be recovered, (hack.
fío oí mouey lent at the time and place of gaming.
But in cases of loans of money within tho statute of frauds and perjuries, tho’ no action can be maintained on the express contract, yet there may be on the contract implied by law.
If the money be loaned, to be repaid /n tivo years, at four por cent interest, tho agreement will repel the lender from a recovery, till the two years expire, fend limit his interest to th, four per era-.:,
*252 To illustrate this distinction, let us take the easy of a loan of money.
Where money is advanced on loan, the common law implies a contract on the part of the borrower to repay it without any express contract to that effect; but suppose the loan to be made on a contract to repay the money borrowed with more ilian legal interest. By the statute against usury such a contract was, until recently, declared to be void, and under that statute even the money lent could not be recovered by the lender; for as the law bad declared the express contract void, it would have been preposterous to suppose that it could have implied a contract, and without a contract, either express or implied, there could be no foundation for an action to recover the money back.
So by the statute against gaming, a contract for money lent at the timo and place .of gaming, to a person engaged therein, is declared to be void, and the money so lent cannot, under that statute, be recovered by the lender; for the same reason that money lent, contrary to the statute against usury/ could not.
But in the case of a loan of money not within the provision of either of these statutes, although it may be within the statute against frauds and perjuries? there is not the same reason .against the recovery of the money by the lender; for although that statute declares that no action shall be brought upon the express contract, it does not declare the contract void, as is done by the other statute, and, therefore, there is nothing in its provisions inconsistent with the right of the lender to recover the money lent upon the contract implied by law.
Thus, for example, if money be lent upon an agreement that the borrower shall repay it at the end of two years, the case, if not reduced to writing, would obviously be within the statute, because, by the terms of the agreement it is not to be performed within a year from the making thereof, and of course no action could be maintained to enforce the express contract. It would, therefore, have no legal obligation, as the law affords no other means of enforcing its performance than by action; but them *253 would be a legal obligation arising from the loan of the money, which is not taken away either expressly or by implication. Nor is the express contract in such a case a mere nullity, as it would be if the statute bad declared the contract void; for if the lender, in the case supposed, should bring another action to recover the money lent, before the end of two years, when it became due, as he might do were there no express contract, the borrower might avail himself of the express contract to prevent the recovery. So, if in such a case the express contract was to pay only four per cent per annum interest, the contract might be used by way of defence to prevent the recovery of a higher rate of interest, which, if there were no contract for the rate of interest, the law would allow the borrower to recover.
Effect oí stmctlon.00*"
p^ joage for more than a year may te used by ho^no^a.0''7 )and aftcr. for the usr and tfi*f 1110 this, either party way £™^® lease.
In these cases» to give to the statute the effect of rendering the contract void, and thereby utterly ^preventing the lender from recovering the money lent, or if he be allowed to recover the money upon the implied contract, resulting from the loan, to give to the statute the effect of not permitting the berrovver to prevent the recovery of the money lent, before it is due, or of a higher rate of interest than is due by the terms of the contract, would be extending the operation of the statute beyond its letter, and instead of making the statute the means of preventing frauds, it would be converting it into an instrument of fraud and injustice; it most certainly could not be said to he demanded by the reason and spirit of the statute.
The like principles apply to the case of a lease within the statute.
On a verbal lease for more than a year no actionv will lie; but as the statute has not declared the void, any use may be made of the lease by either party, except that of maintaining an action upon The lessee, therefore, in case he enters in virtue off the lease, may use it for the purpose of shewing is no trespasser, and after he has enjoyed the leased; premises for the term, he will be liable for the rent,; not upon the express contract, hut upon the contract1 implied by law, from his use and occupation of thé premises; and in such an action either party, we ap *254 prebend, may avail himself of the express eon tract to shew the amount of rent to be recovered-
So aro tho decisions in England on their statute ns to leases for more than three years.
'The statute in declaring no action shall be maintained on a lease for moro than one year, does not effect the remedy by distress, and in suoh case (ho landlord may avow, and so justify '«fn.ceplevin.
Turner for plaintiff; Breek for defendants
The same principle has been applied to the clause of the English statute of Frauds, in relation to verbal leases, by the courts of that country. That statute enacts that parol leases for a longer term than three years, shall have the force and effect of leases or estates at will only; and the courts have, therefore, declared that such leases are not available as to the duration of the interest; but still they have held that they may be used to regulate the terms ou which the tenancy, in other respects subsists; as for example, to shew the amount of rent, or the time of year when the tenant is to quit, 1 Phillips’ Evidence 335 — 355.
It is plain then that a contract or promise, within the statute, is not, in strict propriety, void; and although in many cases, as the legal effect of such a promise or contract would be the same as if it were void, it would not be erroneous for the court to declare it to be so; yet in many others the law and the reason of the thing are different, and to declare the contract or promisé in such cases to be void, would be manifestly unjust and erroneous, and this case is one we apprehend of the latter character. For the law in this country allows two modes of redress fop rent in arrear, the one by action in a court of justice, and the other by distress without action or suit in court, and it is the former only which is taken a-by way the statute, against frauds and perjuries.
The right of making distress for rent in arrear must, therefore, remain, notwitsfanding the statute; and if a party has the right of distress, he may, undoubtedly justify in an action of trespass, or avow in an action of replevin brought against him fop taking the distress. The circuit court, therefore, erred, as well in the instructions given to the jury as in admitting the note objected to, by the defendant to be read in evidence.
The judgment must be reversed with costs,, ami the cause be remanded, for new proceedings, to be had, not inconsistent herewith.