Nicholsos, C. J.,
delivered the opinion of the court.
Complainant alleges that in winding up the affairs of a joint stock company known as the Rogersville *250 Female College, through proceedings in the Chancery Court at Rogersville, the value of two shares — viz., $585 — was appropriated to the satisfaction of that amount owing to the company by W. F. Lyons, when in fact the said two shares belonged to complainant— the same having been sold by Lyons to complainant and paid for by complainant, but not assigned on the books of the company. Complainant prays for a decree for payment. Defendant Lyons defends by plea, and states that on the 27th of February, 1866, Shields and Fulkerson, as trustees, filed their bill for the purpose of causing sale to be made of the real estate and appurtenances belonging to the' Rogersville Female College, collect all the debts due the joint stock company, who then owned the same, pay off the debts due from them, and divide the remainder among the stockholders, and settle all equities between the stockholders themselves. The plea further states that all the stockholders, including complainant Riley, were made defendants and served with process; and that at the March Term, 1869, the court pronounced a decree in said cause, settling the rights and equities of all the parties to the suit; and said decree being an adjudication between the same parties to the same matters and to the same effect as complainant by his present bill demands, defendant pleads and relies on that adjudication.
This plea was set down for argument, when the Chancellor held it a sufficient defense and dismissed the bill, from which complainant now appealed.
The gravamen of the allegations of the bill is, *251 that the defendant appearing on the books of the company to be the owner of two shares of the stock, when in fact complainant was the owner, the Chancellor appropriated the two shares in satisfaction of a debt due from defendant to the company, whereby complainant’s property to the value of $585 was appropriated to the benefit of defendant, and defendant thereby became debtor to complainant in that amount.
The plea admits the chancery proceeding as alleged, states that complainant and defendant were both defendants to the suit, and then avers, in general terms, that a decree was pronounced settling the equities between the parties. What the equities were which were settled between the parties, the plea fails-to state, but merely states and relies on a legal conclusion, without setting out the specific character and extent of the decree. The plea neither admits nor denies the allegations of the bill, nor does it state whether any, or if any, what matters were in issue between complainant and defendant, nor what decree was made settling these issues in the adjustment of the equities between the parties.
It is obvious that the question, whether complainant or defendant was the owner of the two shares,, was not necessarily involved in the suit, — for the reason that defendant appeared on' the books as the owner, and by a regulation of the company complainant was forbidden to be a member of the compapy because he lacked the requisite religious qualifications.
To have made the plea good, it should have shown, both by a recital of the matters in issue and *252 by the decree thereon, that the matters in the two suits are the same.
The Chancellor erred in sustaining the plea, and his decree is reversed and the cause remanded for further proceedings. The defendant will pay the costs of this court.