## Farmers' National Bank v. Howard, et al.

(Decided June 18, 1926.)

Appeal from Allen Circuit Court.

1.  Fraudulent Conveyances—Evidence Held to Show that Conveyance by Judgment Debtor was in Good Faith and for Actual Consideration.—Evidence held to show that sale of undivided interest in tracts of land by judgment debtor before execution issued was

in good faith and for actual consideration, which was consumed in payment of debtor's other debts and his mortgage on the land.

2. Fraudulent Conveyances—To Set Aside a Conveyance, Creditor Must Show that Grantees Participated in Grantor's Fraudulent Purposes or had Information that Would Put them on Inquiry (Ky. Stats., Section 1906).—Before conveyance of land may be set aside at instance of another creditor, it must be shown in view of Ky. Stats., section 1906, that grantees actually participated in fraudulent purpose of grantor, or that they had knowledge that would have put them on inquiry as to such purpose.

GOAD & GOAD for appellant.

HARPER & DENTON for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

On the 15th of January, 1923, the First National Bank recovered a judgment against George H. Dunn for $1,800.00, Dunn being the surety of one Roark on a note to it for that amount. Thereafter the appellant, Farmers' National Bank, became the owner of that judgment.

On the 17th of January, 1923, before an execution had been issued thereon George H. Dunn conveyed to the appellees Howard and Hagan in consideration of $2,000.00 cash his undivided interest in two tracts of land in Allen county. In one of the tracts he owned a two-thirds undivided interest, and in the other a three-sevenths undivided interest.

The deed from Dunn to Howard and Hagan was acknowledged and recorded on the day it bears date, and thereafter the bank caused to issue an execution on its judgment against Dunn and the same was levied upon his supposed interest in the two tracts of land sold and at a sale appellant became the purchaser.

Thereafter this equitable action by Howard and Hagan was filed against the bank, and the nominal purchaser for it at the sale, wherein the plaintiffs pray that the execution sale be set aside and held for naught, that they be adjudged the fee-simple owners of the property and that their title to same be quieted.

The defendants in their answer and counterclaim denied that the plaintiffs paid to Dunn $2,000.00 or any other sum for the property, or that the same was a fair and reasonable price, or that the sale by Dunn to plaintiffs was a good faith sale for a valuable consideration.

In a separate paragraph they alleged that plaintiff acquired no title under the conveyance from Dunn because they each knew by actual and constructive notice of the existence of defendants' judgment debt, and that the pretended sale and conveyance was with the fraudulent purpose of defeating the collection of defendant's judgment.

In an amended answer, counterclaim and cross-petition the defendants allege that some time prior to the transactions above spoken of George H. Dunn had executed and delivered to his two sisters, Peggy and Edith, a deed to a one-seventh undivided interest in one of the farms without consideration, and that they were only the nominal holders thereof, and that they actually held it in trust for him, which allegations were put in issue by Peggy and Edith Dunn.

In another amendment the defendants alleged that the money paid by Howard and Hagan to Dunn was only a loan, and the deed executed by Dunn to them was executed only for the purpose of securing the same, and that therefore it was only a mortgage and not a deed.

All these things were put in issue, and upon a submission the court entered a judgment to the effect that the deed from Dunn to plaintiffs vested in them a fee-simple title and dismissed the counterclaim against the plaintiffs and the cross-petition against George H. Dunn, Peggy Dunn and Edith Dunn.

The defendants' pleadings charge no preferential treatment of creditors, but appear to rely solely upon the allegations of fraud upon the part of Dunn and the plaintiffs.

The evidence for the plaintiffs tends to show that so far as Howard and Hagan are concerned the transaction was in perfect good faith, and that they actually paid the $2,000.00 at the time the deed was executed is shown by the production of two checks. There was a mortgage on the interest of Dunn in these two tracts of land which with the interest amounted at the time to about $1,360.00; one of the checks was given for that amount, while the other was given for the balance. It likewise discloses that the $2,000.00 was practically all consumed in the payment not only of the mortgage but of other debts of Dunn.

So far as Dunn is concerned the evidence tends strongly to show that he desired to pay his own personal obligations in preference to this upon which he was only

bound as surety, and that realizing he could not probably meet them all, including the $1,800.00 debt upon which he was surety, he sold his land for cash and applied practically all of it to the payment of his personal obligations. But assuming this to have been a fraudulent purpose upon his part, before the conveyance made to Howard and Hagan may be set aside at the instance of another creditor, it must be shown that they either actually participated in that fraudulent purpose by Dunn, or that they had such knowledge or information as would have put them upon inquiry as to his purpose. They each testify that they bought his interest without any knowledge at the time of the $1,800.00 judgment, and without notice that he had any desire to evade the payment of that judgment. They each appear to be prosperous men, and to have theretofore engaged in land speculations together, and the circumstances as a whole fail to bring home to them any fraudulent purpose in connection with Dunn, or otherwise.

Under the provisions of section 1906, Ky. Stats., providing, in substance, that every conveyance made with the intent to delay, hinder or defraud creditors shall be void, although the grantor of such conveyance may have made the same for such fraudulent purpose, if the purchaser for value had no notice of such fraudulent intent, or was not a participant in any fraud of the vendor, his title so acquired will not be affected., Inter-State Petroleum v. Farris, 159 Ky. 820; Carter v. Braswell, 186 Ky. 760.

The evidence as to the value of Dunn's interest in the two tracts of land at the time is conflicting; and except for the fact that he only held an undivided interest in each tract, and that his sisters and kinsmen held the other undivided interests, it might be said that the purchase price was too low. But when we take into the estimate that the purchaser of his undivided interest in each of the tracts had necessarily to go to the expense of having the interest set apart to him, and possibly engage in some unpleasant features of a litigation we are inclined to the view that upon consideration of the whole evidence the $2,000.00 paid was approximately the market value of his interests.

It is recited in the judgment of the chancellor that the conveyance to his two sisters by George H. Dunn of a one-seventh undivided interest mentioned in the amended petition was made in the year 1890, and because

of the great length of time intervening he declined to set aside that conveyance.

Giving due weight to the finding of the chancellor, and taking into consideration all the circumstances in evidence, we see no reason to disturb the judgment.

Judgment affirmed.