The GUARANTY DEPOSIT BANK, INC., of CUMBERLAND, Kentucky, Appellant,

v.

J. W. REEDY, Appellee.

Court of Appeals of Kentucky.

Oct. 22, 1954.

Roy W. House and Clay M. Bishop, Manchester, for appellant.

John M. Lyttle and John D. White, Manchester, for appellee.

STEWART, Chief Justice.

In this action appellant bank, among other things, sued to recover a personal judgment against appellee, J. W. Reedy, as the original obligor on a contract transferred to the bank by appellee's assignor, one Carl G. Stanfill. The chancellor decreed a personal judgment would not lie, and this appeal is from an order dismissing the action as to appellee.

On or about November 2, 1949, appellee and Carl G. Stanfill acquired a lease contract to certain coal lands in Leslie County and began mining operations thereon as partners. On July 19, 1950, by a written agreement Stanfill sold, assigned and transferred to appellee all his title in the lease contract in consideration of the sum of $6,800, to be paid by appellee at the rate of $100 per week, beginning July 31, 1950. The assignment agreement retained a lien upon all the machinery and equipment then on, or which might be placed on, the leased premises, to secure any unpaid installments of the consideration, and it further provided that the entire unpaid balance could be declared payable immediately and the lien forthwith asserted, if appellee became as much as 90 days in arrears on his weekly payments.

Before he assigned his lease contract to appellee, Stanfill had become indebted to appellant in a sum aggregating $7,500, evidenced by four notes and secured by certain chattel mortgages. It appears that Stanfill's security on the notes gradually lessened in value and appellant began to press him for additional collateral on the debt. As a consequence, Stanfill, by written assignments on two different occasions, transferred to appellant all his interest in the obligation acquired by him from appellee on the sale of the lease contract. Appellee was informed of this transfer, acquiesced in it and made two $100-payments to appellant according to the agreement between him and Stanfill. Later, appellee fell in arrears in his payments.

After appellee had been in default for six months on his weekly payments, appellant filed its action in which it sought a judgment against both him and Stanfill for the sum of $6,600, the balance owed by appellee on the assignment contract. Appellant had a specific attachment levied on the property covered by the assignment agreement and it also had garnishments served on various persons who were thought to be indebted unto appellee.

Although appellant's complaint sets out in detail Stanfill's note indebtedness to it, the pleading makes it abundantly clear that this is not an action against Stanfill, much less against appellee, to recover upon the notes. It should also be stated that there is no attempt to foreclose upon any of the chattel mortgages executed by Stanfill to secure the payment of the notes. Appellant limited its action to securing a personal judgment against appellee and Stanfill solely on the assignment obligation. In addition, it sought to satisfy any judgment that might be rendered in its favor by levying certain attachments on the property of appellee.

Stanfill did not make defense. Appellee, after denying all the affirmative allegations of the complaint, asked by way of counterclaim that the contract be reformed, averring that the true agreement between the parties was, if he did not pay any of the installments within a 90-day period appellee could elect to give back to Stanfill his one-half interest in the lease contract. Appellee claimed, in this event, he would be relieved of any further liability on the assignment obligation. We might mention here that the evidence fails completely to support this contention and the chancellor properly held the contract should not be reformed. Appellee's primary defense is that this proceeding was an attempt to sue him and obtain a personal judgment against him on Stanfill's notes on which he was not liable in any manner and to secure which there was valid and good security that no effort was being made in the action to subject to the payment of this indebtedness. The case was by agreement transferred to the equity side of the docket for preparation and trial by depositions and thereafter proceeded as an equity action.

The chancellor was of the opinion and adjudged that appellant was seeking a judgment against appellee when the latter was not obligated personally to the bank in any respect and directed that the action be dismissed as to appellee and that the attachments be dissolved that were levied on appellee's property. Appellant was allowed to recover only from Stanfill the sum sued for on the assignment agreement. This holding of the chancellor is challenged on this appeal.

Is appellant bank entitled to recover from appellee on the latter's obligation to Stanfill which Stanfill afterwards transferred to appellant? Our answer is in the affirmative.

We have stated, but we should emphasize again, that the action at bar is not an undertaking upon the part of appellant to hold appellee personally liable on Stanfill's note indebtedness. Unquestionably the chancellor thought this was the sole purpose of the suit. However, appellant seeks merely to enforce against appellee and Stanfill the obligation of appellee to Stanfill which was subsequently transferred

to it by Stanfill. It is thus apparent the judgment does not conform to the issue made up by the pleadings and it is therefore clearly erroneous. Nevertheless, we have concluded not to reverse for this reason, because we intend to show, as we believe we should, that appellant is entitled to a personal judgment against appellee under the facts recited above.

The broad rule on the question raised as to appellant's right to a recovery from appellee on the obligation transferred to the bank is thus stated in 4 Am.Jur., Assignments, Sec. 95, pp. 304 and 305: "Generally an assignee takes the subject of the assignment with all the rights thereto possessed by the assignor, and a claim good in the hands of an assignor is ordinarily equally good and free from defenses in the hands of his assignee. * * * He normally takes subject to all equities and defenses which could have been set up against the chose in the hands of the assignor at the time of the assignment. * * *"

It cannot be denied that Stanfill could have sued and, in the absence of a valid defense to his action, recovered a personal judgment against appellee on the latter's indebtedness to him. When Stanfill transferred all his title and interest in and to the obligation to appellant, the bank stepped into his shoes and took title to the claim subject to all defenses then existing in favor of appellee. The evidence discloses appellee was unable to set up any defense whatsoever against the chose while it was owned by Stanfill. More than that, appellee recognized the continuing validity of the obligation when appellant became the owner of it by making two $100-payments to the bank. It is clear that appellee has no defense to appellant's right to collect the claim and it follows that it was prejudicial error when the chancellor adjudged appellant not to be entitled to a personal judgment and the ancillary relief it sought against appellee.

Wherefore, the judgment is reversed with directions that it be set aside and a new one entered in conformity with this opinion.