Bertie CENTER and Inez May, Appellants,

v.

George STAMPER et al., Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1958.

Elwood Rosenbaum, Lexington, Everett L. Miller, Campton, for appellant.

J. Douglas Graham, Campton, Beverly White, Winchester, Percy Brown, Jr., Louisville, for appellee.

CLAY, Commissioner.

This appeal is from a judgment entered in seven consolidated cases. Various phases of this litigation have been before us in Center v. Linkous, Ky., 295 S.W.2d 567; Linkous v. Darch, Ky., 299 S.W.2d 120; and Center v. American Hardware Mutual Insurance Company, Ky., 303 S.W. 2d 324.

The issues on appeal involve certain real estate at one time owned by Rex Center. Three of the appellees, Moore, Stamper and E. Linkous, obtained judgments against Rex Center in tort actions brought by them, and sought to subject his property to the satisfaction of those judgments. Appellants Bertie Center and Inez May, the wife and sister respectively of Rex, claim an interest in or ownership of the land by virtue of a mortgage and deed.

In the five original actions, E. Linkous, J. Linkous, Spaulding, Moore and Stamper obtained substantial judgments in the Clark Circuit Court against Rex, who is not a party to this appeal, for personal injuries sustained as a result of an explosion of liquified petroleum gas which had flowed from a storage tank on property owned by him. The original five suits were brought in Wolfe County where the accident happened. They were subsequently transferred to the Clark Circuit Court (to which no objection was made) where the suits were consolidated. The liability of Rex has been previously adjudicated (Center v. Linkous, Ky., 295 S.W.2d 567) and is not now before us.

In two of the five original actions, Moore and Stamper asked for a general attachment against Rex and prayed that a deed from him and Bertie Center to Inez May be set aside as fraudulent. The day after the explosion Rex had conveyed his property to Inez May, his sister. In both of these actions, Bertie and Inez, the appellants, were parties defendant. In all of the original five actions appellant Bertie was made a party defendant and by answer in each case stated that she has and had no interest in the property owned by Rex.

Subsequent to the filing of these answers, Bertie filed an independent action against her husband Rex, appellee American Hardware Mutual Insurance Company and the originial five plaintiffs, in which she asserted a first lien against two tracts of real estate in Wolfe County, owned by Rex, which she alleged was created by a note for $5,500 and an unrecorded mortgage

dated November 16, 1945. This was part of the same property in which Bertie had disclaimed any interest in her answer filed in the original five suits against Rex and herself. This action was commenced in the Clark Circuit Court and consolidated with the others.

Subsequent to Bertie's suit claiming the lien, one of the original plaintiffs, E. Linkous (who had obtained a personal judgment against Rex), filed a suit against Rex, Bertie and Inez in which he, as plaintiffs Stamper and Moore had done in their first suit, sought a general attachment against the property belonging to Rex and asked to have the deed to Inez set aside as fraudulent. This action was also filed in the Clark Circuit Court and consolidated with the above actions.

Earlier judgments not before us have settled the tort liability of Rex to the five original plaintiffs. The judgment appealed from did the following: (1) sustained the attachments and garnishments in each of the actions filed by Stamper, Moore and Linkous; (2) set aside the deeds from Rex and Bertie to Inez as fraudulent, and ordered the property sold to satisfy the judgments; and (3) adjudged costs against Inez in the two original actions of Stamper and Moore (which involved the question of liability and damages as well as the alleged fraudulent conveyance to Inez) and other costs against Bertie and Inez in the consolidated actions.

We will first consider the appeal of Bertie. She claims that her unrecorded mortgage lien is superior to the attachment liens of Stamper, Moore and Linkous because at the time they became judgment creditors and their attachments were sustained they had notice of her mortgage. The trial court did not pass upon the question of priority because he found as a matter of law that she could not assert her mortgage claim against these plaintiffs. The basis of this ruling was two-fold: (1) Bertie's disclaimer of any interest in this property by answer in each of the original suits filed by these three plaintiffs

constituted a judicial admission as to these parties that she had no claim adverse to theirs, and (2) if her claim was to be effective against the original plaintiffs in the suits to which she was a party, she was required to set up her lien as a compulsory counterclaim in those suits under CR 13.01. Since we believe the first ground is controlling, we need not consider the second.

Judicial admissions have been defined as: "concessions or voluntary acknowledgments made by a party of the existence of certain facts". 31 C.J.S. Evidence § 270, p. 1022. An admission in a pleading is a judicial admission. Schroeder v. Ely, 161 Neb. 262, 73 N.W.2d 172. In Sutherland v. Davis, 286 Ky. 743, 151 S.W. 2d 1021, 1024, we stated:

"* * * a judicial admission is conclusive, in that it removes the proposition in question from the field of disputed issue, and may be defined to be a formal act done in the course of judicial proceedings which waives or dispenses with the necessity of producing evidence by the opponent and bars the party himself from disputing it; * * *."

In the original actions brought by Stamper and Moore plaintiffs alleged that Bertie was one of the joint owners of a tract of land located in Campton, Wolfe County, Kentucky. They also alleged that Rex and Bertie were owners of other real estate in Wolfe County. By answer in both of these actions Bertie stated specifically that she had no interest in the Campton property, and she admitted joining in the conveyance of all Rex's property to Inez. Each answer, taken as a whole, constituted a judicial admission that she had no claim to this property.

The contention is made by Bertie, however, that such a disclaimer is not binding upon her in the subsequent suit she brought in which she set up her mortgage lien. As a general rule a judicial admission in one action is not conclusive

in another action. Miller v. Poffinger, 1 Ky.Op. 567; Roberts v. Tennell, 19 Ky. 247; 14 A.L.R. 75; 90 A.L.R. 1407. Also the fact that her suit was consolidated with the original actions would not necessarily make her judicial admission in one conclusive in the other.

However, a judicial admission may be binding in a subsequent suit between the same parties. Riley v. Lyons, 58 Tenn. 246; Rowe v. Shepherd, Ky., 283 S.W.2d 188.

We need not go so far as to say that an admission in a pleading in one suit necessarily constitutes a conclusive judicial admission in another suit between the same parties. However, under the peculiar facts of this case, while Bertie's suit to enforce her mortgage was in form an independent proceeding, in substance it constituted a continuation of the controversy initiated by Stamper and Moore concerning the claims against all of the property owned by Rex. Two issues were raised by the original five suits brought by the plaintiffs. They were: (1) liability, and (2) ownership or interest in the property to which Rex had title. As to all those original parties, Bertie disclaimed an interest in the property, and her suit was for all practical purposes a continuation of the original suits. The subsequent suit of Linkous was likewise a continuation of this controversy with respect to the property of Rex, and Bertie is bound by her judicial admission in the original action brought by him.

■ There is another feature to Bertie's admission in the original suits which might constitute fraud on the court if she were subsequently permitted in these proceedings to attempt to withdraw her disclaimer. It is the fact that at the time she disclaimed, she undoubtedly was aware of her mortgage (if such existed), and when a party filing an answer knows that a material statement contained therein is not true, she cannot subsequently be heard to deny the truth of that statement. Under the circumstances she is estopped to reverse her position where the circumstances have remained the same. See Rowe v. Shepherd, Ky., 283 S.W.2d 188.

The correctness of the court's ruling on the issue we have just discussed disposes of Bertie's claim to insurance proceeds payable on the Campton property owned by Rex.

With respect to the appeal of Inez, it is her contention that the court erroneously found the conveyance to her to be fraudulent because she gave valuable consideration for this conveyance, had no intention to defraud, and had no notice of the fraudulent intent of the grantors.

KRS 378.010 provides that every conveyance made with intent to delay, hinder, or defraud creditors shall be void against such creditors. It is further provided:

"This section shall not affect the title of a purchaser for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

These are the circumstances surrounding this transaction. Inez was a sister of Rex. On the very night of the explosion, Rex, Bertie and Inez met to discuss the situation, and they decided to transfer all of Rex's property to Inez. The next day the deeds were executed. The lower court found that the consideration paid by Inez for the properties transferred to her was less than the actual fair market value of the property. On that same day Bertie withdrew all of Rex's money from the local bank. Furthermore, Inez allegedly paid $1,000 in cash to Rex a week after the deeds were executed, but no one was able to satisfactorily explain what Rex did with the money.

There is a serious question as to whether or not Inez may be classified as a purchaser for a valuable consideration, but we will assume that she was. The significant issues are whether or not Rex had

a fraudulent intent and whether or not Inez had notice of it. Inez cites cases to the effect that both the grantor and the grantee must have a fraudulent intent. Farmers' National Bank v. Howard, 215 Ky. 250, 284 S.W. 1050, and Interstate Petroleum Co. v. Farris, 159 Ky. 820, 169 S.W. 535. While the statute does not literally require a showing of fraudulent intent upon the part of the grantee, such intent would presumably exist if the grantee had notice of the grantor's fraudulent intent.

Inez bases her claim of good faith on a long distance telephone conversation Bertie had with a lawyer then in Florida. There are several reasons why this consultation with counsel does not establish good faith. In the first place, the advice of counsel was given to Bertie, not to Inez. In the second place, it is clear from the evidence that the lawyer consulted by telephone was not given all the facts upon which he could base sound legal advice. In the third place, Bertie admits she did not discuss deeding the property away. Finally, the lawyer consulted denies he approved of this transaction. It may be pointed out that Bertie's testimony about this conversation makes it clear that Inez had notice that Rex was at that time under a "financial strain".

■ There are abundant facts and circumstances to show that the transaction between Rex, Bertie and Inez was entered into at a time when Rex could anticipate lawsuits for substantial damages. In view of the nature of this transaction, the speed with which the conveyances were made, the relationship of the parties involved, the inadequate consideration paid, and other factors, it is apparent the trial court had ample evidence upon which to base his finding that this was a fraudulent conveyance. This finding was fully supported and surely it was not clearly erroneous. CR 52.01.

There are other questions raised by both Bertie and Inez which are not neces-sary to consider in view of our opinion that the trial court correctly adjudicated that neither of them established an interest in this property as against the claims of Stamper, Moore and Linkous.

■ A question of costs is raised by Inez and Bertie. Their contention is that some of the costs with which they were charged were attributable to the tort liability aspect of the proceedings, and that they should not be charged with costs in some of the consolidated actions. Appellants' brief fails to furnish sufficient information for us to determine the propriety or impropriety of these cost allowances. Under such circumstances, and in view of the fact that their unsupportable claims have greatly complicated all of these proceedings, and the further fact that costs are a matter within the discretion of the trial court, we can find no error in this respect justifying reversal of the judgment.

The judgment is affirmed.