**WHAYNE SUPPLY COMPANY, Inc.,**
**Appellant,**

**v.**

**MORGAN CONSTRUCTION COMPANY,**
**Inc., Appellee.**

Court of Appeals of Kentucky.

March 28, 1969.

Rehearing Denied May 9, 1969.

T. Kennedy Helm, Jr., Stites, Peabody & Helm, Louisville, for appellant.

E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Frankfort, Milburn C. Keith, Keith & Kirkham, Hopkinsville, for appellee.

MONTGOMERY, Chief Justice.

Whayne Supply Company, Inc., appeals from a judgment in favor of Morgan Construction Company, Inc., under which it was held that: (1) Morgan was not indebted to Whayne for equipment rentals under Morgan's contract and bond with the Kentucky Department of Highways; (2) Morgan was not indebted to Whayne under the assignment of April 7, 1964, in any amount that exceeded Midwest Company, Inc.'s earnings under a subcontract with Morgan; (3) Whayne was to refund to Morgan $7,583.26; and (4) Morgan was to be paid $7,775.18, less costs, from the funds held by the Clerk of the Franklin Circuit Court.

Whayne contends that: (1) Morgan made a judicial admission; (2) equipment rentals due Whayne constituted "supplies" under KRS 376.195(4) and were secured by statutory lien; and (3) the ac-

ceptance by Morgan of Midwest's assignment rendered Morgan liable to pay the full amount of the assignment, including the amount due Whayne for equipment rentals from Midwest. No contention is made that Whayne is entitled to collect under Morgan's contract and bond with the Department.

Morgan entered into a contract for highway construction with the Department. Morgan then subcontracted with Midwest to drill, blast, and load all rock necessary for the project. Whayne, engaged in the business of selling, leasing, servicing, and repairing construction equipment, rented eight pieces of equipment to Midwest for use on the project. Some of the leases were accompanied by an option to purchase. The principal issue involved Whayne's right to recover from Morgan the unpaid balance of equipment rental owed by Midwest.

Before completion of the project, Midwest defaulted. Morgan and Midwest entered into an agreement canceling this subcontract. Morgan completed the drilling, blasting, and loading of the rock on the project. At the time of Midwest's default it owed Whayne for parts and services and for four months' equipment rental. Whayne was threatening to file a lien claim against the project and to repossess its rental equipment then on the job.

Following a series of meetings, attended by representatives of Midwest, Morgan, and Whayne, Midwest turned over to Morgan the rented equipment; Whayne entered into new rental agreements with Morgan at a reduced rate; Midwest assigned to Whayne $32,817.72 "from the estimates that are now due" Midwest on the project; and Morgan accepted the assignment. Shortly thereafter, Morgan paid Whayne $7,004, leaving due Whayne $25,813.72, of which $22,285.34 represented the balance due on equipment rentals.

This litigation was commenced by Midwest against Morgan after the completion of the project to collect $123,000, less credit, leaving a net amount due of $77,245.78. Midwest had filed a lien with the Department and was seeking to enforce its lien. Various creditors of Midwest, including Whayne, were brought into the action. Whayne claimed $25,813.72, which it sought to have paid out of the sum of $82,245.78 then due from the Department to Morgan which was subsequently paid into court. This sum included $5,000 due Morgan, against which Midwest had no claim.

Pursuant to a pretrial order, Midwest, then insolvent, was ordered to file a complete and accurate list of unpaid lienable claims against it that totaled $50,906.68. This list was later supplemented by Midwest's adding one claim and correcting another, so as to raise the total to $51,678.98. It then appeared that Midwest's earnings exceeded the claims of suppliers, and Morgan moved the court to pay the listed claims and hold the balance subject to the further orders of the court.

At the hearing on this motion, Whayne voluntarily reduced its claim for equipment rentals to $21,515.66, the amount of three months' rental, the period recognized by KRS 376.195(4) as lienable. Another intervenor, not concerned in this appeal, contended that the $7,004 previously paid Whayne should be credited against the $21,515.66 claimed by Whayne.

Pursuant to the motion, the court ordered that Whayne be paid $14,510.16 "to be credited on equipment rentals" and provided that the findings and payments in that order should be without prejudice to the additional claim of Whayne and "without prejudice to any final determination of the amount to which Whayne Supply Company, Inc., may on final judgment be entitled to receive or be paid out of the funds now in the hands of the Clerk or otherwise."

At the trial, it developed that Midwest could establish earnings of only $94,540.20 instead of the claimed $123,000, and

that Morgan was entitled to credits of $52,837.05 instead of $45,754.22, as alleged by Midwest, thus leaving only $41,703.15 available for the payment of claims totaling $51,678.98.

■ Whayne argues that Morgan's motion to pay the claims out of the fund paid into court constituted a judicial admission, making Morgan liable for the payment of Whayne's claim. This contention is refuted by the language of the order, which specifically provided that the payment was to be made without prejudice to the final determination of the claim. No objection was made to the language of this order by Whayne. It, therefore, is concluded that the payment to Whayne was subject to the final determination of the lawsuit in which it was adjudged that Whayne should repay $7,583.26 of the $14,510.16 previously paid under the order.

The language of the order did not bar Morgan from contesting the Whayne claim, to use the language of Center v. Stamper, Ky., 318 S.W.2d 853, and likewise serves to remove any question of reliance by Whayne so as to constitute an estoppel. The motion and order were not such formal acts in the course of a judicial proceeding that barred Morgan from disputing Whayne's claim, Center v. Stamper, supra, and Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021, and did not constitute a judicial admission.

■ Whayne insists that equipment rentals constitute "supplies" under KRS 376.195(4), and thus are lienable. Under the order paying the creditors of Midwest out of the fund in court, only Whayne was not paid in full. Whayne did recover judgment in full against Midwest.

Whayne was the only supplier of leased equipment. Under KRS 376.195(4), equipment rentals are lienable but are subordinated to various superior claims of the types paid out of the court fund. Thus, Whayne's claim was subordinated to the claims of other suppliers who were paid in full. Further, Whayne never filed or perfected any lien against Morgan's account with the Department. Only Midwest had a lien on the amount paid into court, less the $5,000 owed to Morgan above the amount owed Midwest.

■ Finally, Whayne contends that the acceptance by Morgan of the assignment made by Midwest obligated Morgan to pay the amount owed by Midwest to Whayne. The acceptance of the assignment appears as follows:

"ACCEPTED:

MORGAN CONSTRUCTION CO., INC.

By Morgan Cons. Cecil E. Morgan /s/
Title   Pres."

By letter to Morgan, Midwest advised that it owed Whayne. The letter contained in part the following:

"I wish to and do hereby assign to Whayne Supply Company the total sum of $32,817.72 from the estimates that are now due me for my work on the above project.

"Please accept this letter as authorization to make payment of the full amount of the indebtedness as stated above direct to Whayne Supply Company. This authorization is irrevocable."

The assignment appears at the end of the letter.

Whayne argues that Morgan benefited by the assignment and became estopped to deny payment to Whayne in full. The evidence other than such as has been detailed was in conflict. The trial court found adversely to Whayne's contention, and this finding is supported by substantive evidence.

■ Generally, an assignee such as Whayne acquires no greater right than was possessed by his assignor, here Midwest, but simply stands in the shoes of the

latter, subject to all equities and defenses which could have been asserted against the chose in the hands of the assignor at the time of the assignment. Guaranty Deposit Bank of Cumberland v. Reedy, Ky., 272 S.W.2d 341; 4 Am.Jur., Assignments, Section 95, pages 304–305; 80 C.J.S. Set-Off and Counterclaim § 54, pages 98–99. It is concluded that Whayne had no greater right against Morgan than did Midwest and that the findings and conclusions of the trial court are correct.

Judgment affirmed.

All concur.