RENDERED: MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0621-MR

HOME BUYERS WARRANTY CORPORATION                    APPELLANT


APPEAL FROM BULLITT CIRCUIT COURT
v.      HONORABLE RODNEY DARREL BURRESS, JUDGE
ACTION NO. 21-CI-00526


CRYSTAL ROBERTS; COMMONWEALTH
DESIGNS, LLC, A CO-DEFENDANT IN
THIS ACTION; AND MATTHEW MULLINS                    APPELLEES


OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE: COMBS, EASTON, AND ECKERLE, JUDGES.

COMBS, JUDGE: Home Buyers Warranty Corporation appeals from an order of

the Bullitt Circuit Court denying its motion to compel arbitration in an action filed

by Crystal Roberts and Matthew Mullins. After our review, we reverse and

remand.

On June 29, 2020, Roberts and Mullins purchased a home in Mt. Washington. The home was built and sold to them by Commonwealth Designs, Inc. (Commonwealth Designs or homebuilder). Commonwealth Designs provided Roberts and Mullins a one-year, express warranty against defects in workmanship and materials. Additionally, Roberts and Mullins paid for a separate ten-year structural warranty.

The parties' pre-printed contract for purchase of the house included space to indicate which of several warranties was being provided. The pre-printed form identified the homebuilder's one-year warranty as "Written Warranty provided by Builder." The additional structural warranty was identified by a hand-written notation under the pre-printed section entitled "Other Additional Warranty(ies)" and designated "2-10 structural warranty." The contract included the following provision:

> BUYER AND BUILDER AGREE THAT SUCH
> WARRANTY SHALL CONSTITUTE THE SOLE
> WARRANTY FROM BUILDER TO BUYER AND
> THE WARRANTY IS GIVEN IN LIEU OF ALL
> OTHER WARRANTIES. BUILDER reserves the option
> to replace with equal quality, repair or pay reasonable
> sums for any warranty item. If defects are claimed by
> BUYER, BUYER and BUILDER shall comply with the
> claim procedures in the warranty, including but not
> limited to the notice requirements. If BUILDER fails to
> comply with the claim procedures in the warranty or if
> the parties are unable to mutually resolve any question
> with respect to the performance of this Agreement,
> BUYER may contact the Home Builders Association of

[Louisville or Lexington] and request conciliation. The provisions of this last sentence shall not apply unless BUILDER is at all times during the conciliation procedure a member of the Home Builders Association of [Louisville and Lexington]. . . . If the parties are unable through conciliation to mutually resolve any controversy or claim arising out of or relating to the limited warranty, or an alleged breach thereof, then it shall be settled by arbitration administered by the American Arbitration Association. . . .

Roberts and Mullins signed an application for enrollment of the newly constructed home in a structural warranty program created and administered by Home Buyers Warranty Corporation (HBW). While the property and the homebuyers were properly identified on the application, the builder was identified as Barlow Homes, LLC -- not Commonwealth Designs. Both homebuilding enterprises are owned by John Barlow, and Barlow signed the application individually as "builder/seller." Roberts and Mullins provided electronic signatures.

Shortly thereafter, a certificate of warranty coverage issued. The coverage is provided by New Home Warranty Insurance Company. The terms of the warranty agreement provide that any "claim, complaint, controversy, or dispute" between or among the homebuyer, the homebuilder, the warranty insurer, and/or the warranty administrator concerning the agreement will be resolved exclusively through binding arbitration. The arbitration clause applies broadly to "[d]isputes based upon contract, tort, consumer rights, fraud and other intentional

torts, negligence, constitution, statute, regulation, ordinance, common law and equity." The agreement provides that arbitration proceedings must be conducted by DeMars & Associates, Ltd., or Construction Dispute Resolution Services, LLC. Finally, the warranty agreement provides as follows:

> After the repair, replacement or payment for the repair of any **structural defect**, you must provide a full and unconditional written release of the **builder/seller**, **warranty administrator, warranty insurer** and related parties, in recordable form, of all legal obligations with respect to the **structural defect** and conditions arising from such **structural defect**.

On June 28, 2021, Roberts and Mullins filed a civil action against Commonwealth Designs and HBW. In their complaint, Roberts and Mullins alleged that they had given the homebuilder notice of multiple problems with their new home. They acknowledged that Commonwealth Designs had responded to their concerns. Robert and Mullins also noted that they had reported perceived structural defects to HBW. Pursuant to its obligation under the terms of the warranty agreement, HBW submitted the claim to the warranty insurer.

With respect to Commonwealth Designs, Roberts and Mullins asserted claims of negligence, intentional misrepresentation, negligent misrepresentation, breach of good faith and fair dealing requirements, breach of express warranty of habitability, and breach of contract. They sought to return the property to Commonwealth Designs in exchange for its full purchase price and to

-4-

recover punitive damages against the homebuilder.  With respect to HBW, the complaint stated that Roberts and Mullins "make a demand to submit this matter to mediation and/or arbitration."  Furthermore, they specifically requested that "any claim against [HBW] be held in abeyance until said defendant completes its review of the claim and makes a decision regarding [their] coverage under the warranty.  In the event of a dispute, [Roberts and Mullins] request the warranty matter be referred to arbitration."

In correspondence dated July 2021, counsel for Roberts and Mullins advised out-of-state counsel for HBW that there was no need to hire local counsel "or file an answer now."  In October 2021, counsel for Roberts and Mullins again reassured HBW's counsel that there was no need to file an answer.  However, HBW informed Roberts and Mullins that their claim under the terms of the new home warranty could not be paid without a release of the legal claims asserted against the home's builder.  At that point, their counsel advised HBW that it must "enter an appearance and file an answer within 10 days."

Instead, HBW filed a motion to dismiss the action against it and to compel arbitration.  In its written memorandum to the court, HBW observed that Roberts and Mullins conceded in their complaint that the parties' agreement required that any dispute concerning a structural warranty claim be resolved through an arbitration proceeding.  Invoking the express terms of the agreement,

-5-

HBW sought to recover attorneys' fees and costs incurred in bringing the motion to compel.

In response, Roberts and Mullins filed a motion requesting the trial court to declare the arbitration provision of the parties' warranty agreement unenforceable. HBW challenged the motion, arguing that Roberts and Mullins were estopped from arguing that the arbitration clause of the structural warranty agreement was unenforceable. In September 2021, Roberts and Mullins had filed a demand for arbitration of the dispute concerning the homebuilder's one-year warranty with the American Arbitration Association.

In an order entered May 19, 2022, the trial court held that the arbitration clause contained in the structural warranty agreement was unenforceable. It concluded that the provision was unconscionable because Roberts and Mullins had been "unable to observe the terms requiring inconsistent arbitration [forums] . . . ." The structural warranty agreement with HBW required arbitration with DeMars & Associates, Ltd., or Construction Dispute Resolution Services, LLC; but the homebuilder's one-year warranty for workmanship and materials required arbitration conducted by the American Arbitration Association. Nevertheless, the court granted the motion of Commonwealth Designs to compel arbitration of the claims asserted against it by Roberts and Mullins. The court also granted the motion of Roberts and Mullins to file an amended complaint.

Although the court observed that "a review of the First Amended Complaint shows that there are not substantial changes from the allegations contained in the original Complaint," the amended complaint now included numerous additional claims: breach of contract, intentional misrepresentation, negligent misrepresentation, civil conspiracy, and violation of the unfair claims settlement practices act against New Home Warranty Insurance Company. It also alleged that the arbitration clause included in the warranty agreement administered by HBW was unconscionable and, consequently, unenforceable. This appeal followed.

On appeal, HBW argues that the trial court erred by concluding that the arbitration clause of the parties' warranty agreement is unenforceable because it is unconscionable. HBW contends that the court's conclusion is based upon clearly erroneous factual findings. Additionally, HBW argues that Roberts and Mullins are estopped from making this argument because they had expressly relied upon the arbitration clause in asserting their demand for arbitration in the complaint that they filed against HBW.

The federal Uniform Arbitration Act is codified in Kentucky at KRS[1] 417.045-240. It provides that arbitration agreements are to be enforced according to the standards applied to other contracts. *Id.* The provisions of KRS 417.050 specifically declare that qualifying agreements are "valid, enforceable, and

---

[1] Kentucky Revised Statutes.

irrevocable, save upon such grounds as exist at law for the revocation of any contract." KRS 417.060(4) provides that "[a]ny action or proceeding involving an issue subject to arbitration shall be stayed" if an application for arbitration has been made under this section. Finally, KRS 417.220 provides that an appeal may be taken immediately from an order denying an application to compel arbitration. On appeal, we must defer to the trial court's factual findings where they are supported by substantial evidence. *Conseco Finance Servicing Corp. v. Wilder*, 47 S.W.3d 335, 342 (Ky. App. 2001). However, we review the trial court's identification and application of legal principles *de novo*. *Id.*

In their initial complaint, Roberts and Mullins made numerous and specific allegations against Commonwealth Designs in support of a variety of causes of action asserted against the homebuilder. However, in Count 8 of their initial complaint entitled REQUEST FOR MEDIATION AND ARBITRATION, Roberts and Mullins demanded repeatedly that their dispute with HBW be submitted to arbitration in accordance with the arbitration clause included in the structural warranty agreement. They alleged that they had submitted a claim to HBW pursuant to the terms of the warranty agreement, and they represented to the court that any dispute that might arise with respect to that claim was **required** to be submitted to arbitration. Accordingly, HBW readily agreed with the concessions made by Roberts and Mullins. Under these circumstances, pursuant to

the provisions of KRS 417.060 quoted above, HBW could have rationally expected that the civil action against it would be stayed by order of the trial court. Instead, HBW filed a motion to dismiss the action. This motion sparked the inconsistent allegation asserted by Robert and Mullins that the arbitration clause was unenforceable. HBW contends that by virtue of their demand for arbitration, Roberts and Mullins were estopped from asserting the directly contradictory argument that the clause is unenforceable.

A party seeking to compel arbitration bears an initial burden of establishing the existence of a valid agreement to arbitrate. *Conseco, supra.* Because it is a formal act taken in the context of a judicial proceeding, an admission included in a party's pleading constitutes a judicial admission. *Center v. Stamper*, 318 S.W.2d 853, 855 (Ky. 1958). A judicial admission is conclusive, and the pleading party is barred from disputing it. *Id.* The opponent of the pleading party is relieved of the obligation to produce evidence relevant to it. *Id.*

We conclude that the demand to arbitrate its disagreements with HBW included in the initial complaint filed by Roberts and Mullins established the fact that a valid agreement to arbitrate their disputes existed. Consequently, Roberts and Mullins are bound by the averments in their pleading indicating that the arbitration clause included in the parties' structural warranty agreement governs resolution of any dispute between them. Under the circumstances, any issue

concerning the enforceability of the arbitration provision was resolved as a matter of law.

Nevertheless, the trial court erred by concluding that the arbitration clause included in the structural warranty is unenforceable because it is unconscionable. "[A]bsent fraud in the inducement, a written agreement duly executed by the party to be bound, who had an opportunity to read it, will be enforced according to its terms." *Conseco*, 47 S.W.3d at 341 (citing *Cline v. Allis-Chalmers Corp.*, 690 S.W.2d 764 (Ky. App. 1985)). The doctrine of unconscionability provides a narrow exception to this rule. *Id.* The doctrine applies only to "oppressive and unfairly surprising contracts[.]" *Id.* (citing *Louisville Bear Safety Service, Inc., v. South Central Bell Telephone Company*, 571 S.W.2d 438, 440 (Ky. App. 1978) (quoting *Wille v. Southwestern Bell Telephone Co.*, 219 Kan. 755, 549 P.2d 903 (1976))).

An unconscionable agreement is characterized as "one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other." *Id.* at 342 (citing *Louisville Bear*, 571 S.W.2d at 440 (quoting BLACK'S LAW DICTIONARY, 1694 (4th ed. 1976))). This fact-based determination is typically made on a case-by-case basis. *Id.* (citing *Forsythe v. BancBoston Mortgage Corporation*, 135 F.3d 1069 (6th Cir.1997)).

In this case, the trial court correctly observed that the distinct clauses of the separate warranty agreements identified different arbitration forums. Any disagreements concerning the structural warranty agreement, applicable to a catastrophic failure of the home's load-bearing infrastructure and administered by HBW, required arbitration with DeMars & Associates, Ltd. or Construction Dispute Resolution Services, LLC. The homebuilder's one-year warranty, applicable to defects in workmanship and materials, required arbitration conducted by the American Arbitration Association.

Although the warranties applied to distinctly different aspects of the newly constructed home, the court expressed concern that "referral to separate arbitrators subjects [Roberts and Mullins] to inconsistent arbitration findings." Furthermore, it found that Roberts and Mullins were provided with only a "Sample Warranty" at closing and were "unable to observe the terms requiring inconsistent arbitration agreements until provided with it [*sic*] actual language." Upon this basis, the trial court concluded that the arbitration clause included in the warranty agreement administered by HBW was "one sided, oppressive, and surprising." It concluded that "to hold a party to a waiver of a right to jury trial, and restrict their access to the judicial system, when they are not provided the actual terms of the agreement at the time the contract is entered is unconscionable."

In their application for the structural warranty administered by HBW, Roberts and Mullins explicitly agreed that they had read a copy of the warranty contract and that they gave "CONSENT TO THE TERMS OF THAT DOCUMENT INCLUDING THE BINDING ARBITRATION PROVISION contained therein." There is no evidence to indicate that the copy of the warranty contract provided to Roberts and Mullins and read by them was different -- in any respect -- from the copy of the structural warranty contract that they received once their application was accepted. In fact, Roberts and Mullins never made such a claim before the trial court. Consequently, there is no basis upon which to conclude that the arbitration clause included in the structural warranty agreement is oppressive or unfairly surprising.

Moreover, there is no evidence to support the court's finding that Roberts and Mullins were "unable to observe the terms requiring inconsistent arbitration agreements until provided with it [*sic*] actual language." It was readily apparent that the arbitration clauses included in the two warranty agreements were separate and distinct. While each of the warranty providers designated a different forum for arbitration proceedings, this fact is immaterial because the separate warranties pertained to discrete aspects of the home's construction: the homebuilder's warranty to defects in workmanship and materials; the structural

warranty to the catastrophic failure of designated load-bearing elements of the home -- regardless of any workmanship and materials issues.

The inclusion of the arbitration clause in the structural warranty agreement was not abusive or unfair. The clause was not concealed or disguised; its provisions were simply explained; it did not affect the principal bargain in an extreme or surprising way. *See Conseco*, *supra*. Designation of an arbitration forum is not unreasonable; on the contrary, it is standard. The fact that Roberts and Mullins contracted for more than one warranty, each designating a different forum for resolution of disputes relative to their coverage, does not render the distinct clauses unenforceable. For these reasons, we are constrained to reverse the trial court's order denying the motion to compel arbitration.

Finally, Roberts and Mullins concede in their brief to this Court that the terms of the parties' agreement provide that "the prevailing party in any court action brought for the enforcement or interpretation of the arbitration provision . . . shall be entitled to receive from the losing party a reasonable sum for its attorneys' fee and costs." Consequently, we reverse the order of the Bullitt Circuit Court denying the motion to compel arbitration and we remand for an award of attorneys' fees and costs.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jessalyn H. Zeigler
Nashville, Tennessee

BRIEF FOR APPELLEE
COMMONWEALTH DESIGNS:

John W. Hays
Lexington, Kentucky

Chacey R. Malhouitre
Lexington, Kentucky

BRIEF FOR APPELLEE
CRYSTAL ROBERTS AND
MATTHEW MULLINS:

Nader George Shunnarah
Louisville, Kentucky